The City of New Albany v. McCulloch.

---

No. 14,791.

THE CITY OF NEW ALBANY v. McCULLOCH.

MUNICIPAL CORPORATION.—*Defective Sidewalk.—Personal Injuries.—Pleading.—Complaint.*—A complaint against a city to recover for an injury in consequence of a defective sidewalk, which alleges that a sidewalk had been negligently left out of repair and unsafe for use, of which the city had notice for more than a month; that while plaintiff was carefully walking along it in the night-time, it gave way under his weight, by reason of its decayed condition, and he was, without fault on his part, precipitated down an embankment, sustaining injuries, states a cause of action.

SAME.—*Failure to Place Signals.*—Such complaint is not defective for failing to allege that proper signals of the dangerous condition of the sidewalk were negligently omitted to be placed so as to warn travellers of its dangerous condition.

SAME.—*Defence Admissible under General Denial may be Struck Out.*—An answer to such complaint, pleaded with the general denial, which alleges that the plaintiff knew the defective condition of the sidewalk, but that, notwithstanding such knowledge, he voluntarily, and of his own free will, ventured to travel on the same, and assumed the risk of his journey thereon, may properly be stricken out, since it alleges only such matters as are admissible under the general denial.

SAME.—*Defence.*—In such action an answer alleging that the city was indebted up to the constitutional limit, and had no funds available for the repair of its streets and sidewalk, presents no defence, since a city has power under sections 3162, 3164, 3165, R. S. 1881, to repair its streets and sidewalks at the expense of adjacent property-owners.

INSTRUCTIONS TO JURY.—Where it does not appear that all the instructions given are in the record, an objection that the court erred in refusing to give certain instructions asked, is unavailing.

JUROR.—*Misconduct of.—New Trial.*—Misconduct of a juror in separating from the other jurors, after they had retired to deliberate of their ver-

dict, without the permission of the court, and remaining out of sight of the bailiff and the other jurors for a half hour, when it appears that during such absence he did not communicate with any one in relation to the case or upon any subject connected therewith, is not such misconduct as to authorize a new trial.

From the Floyd Circuit Court.

*C. D. Kelso*, for appellant.

*A. Dowling*, for appellee.

Coffey, J.—This was an action by the appellee against the appellant, instituted in the Floyd Circuit Court, to recover damages on account of personal injuries sustained by the appellee by reason of a defective sidewalk.

The complaint alleges, among other things, that, on the 29th day of January, 1887, a certain street in the city of New Albany, commonly called State street, was much travelled and used by the citizens of said city, and the public generally, as a public highway; that all that part of said street between Cherry street and the line of Monroe street was constructed on an embankment and fill, from twelve to fifteen feet high; that said city constructed, and, for more than ten years immediately preceding said day, had maintained a board walk or pavement on and along the east side of said embankment and fill between said Cherry street and the line of Monroe street, said board walk being intended for the use of, and being used by, foot passengers travelling along said street; that said walk was, by the appellant, negligently allowed to become out of repair, decayed, weak and unsafe for use; that the appellant had notice of the unsafe and decayed condition of the said walk for more than one month before the date first above named, but failed and neglected to improve and repair the same, and make it safe for use and travel; that, on the said 29th day of January, 1887, in the night-time, the appellee was lawfully travelling on said street, and by reason of the weak, decayed and unsafe condition of the said board walk on, over and along which the

appellee was then and there carefully walking, the same broke and gave way under his weight, and he was, without fault on his part, precipitated down the said embankment, said walk and the timbers thereof falling upon him, by reason of which he suffered certain described serious and permanent injuries.

To this complaint the court overruled a demurrer, and the appellant excepted.

The appellant thereupon filed an answer in three paragraphs. The court, on motion, struck out the second paragraph of the answer, and also sustained a demurrer to the third, and the appellant excepted.

A trial of the cause by jury resulted in a verdict for the appellee, upon which the court, over a motion for a new trial, rendered judgment.

The first question presented for our consideration under the assignment of error relates to the sufficiency of the above complaint.

In our opinion the complaint states a cause of action against the appellant and in favor of the appellee. *City of Lafayette* v. *Weaver*, 92 Ind. 477; *City of Washington* v. *Small*, 86 Ind. 462.

In the case last cited it was held that a complaint against a city to recover for an injury in consequence of a defective sidewalk, which alleged that the sidewalk had been negligently left out of repair and dangerous for two months, of which the city had notice; that when walked upon it tipped, because its supports had been washed away, in consequence of which the plaintiff, in passing, without fault, and being ignorant of danger, slipped and fell, sustaining injuries, stated a cause of action. A city is bound to use active vigilance to discover and repair defects in its streets and sidewalks, while the traveller is bound to use ordinary care to avoid injury.

The objection urged by the appellant to this complaint is that it does not contain any allegation that proper signals of

the dangerous condition of the sidewalk were negligently omitted to be placed so as to warn travellers of its dangerous condition.

Under the case made by the complaint in this case we do not think any such allegation was necessary. The court did not err, in our opinion, in overruling the demurrer of the appellant to the complaint in this cause.

The second paragraph of the answer averred that the appellee knew the defective condition of the sidewalk described in his complaint, and that, notwithstanding such knowledge, he voluntarily, and of his own free will, ventured to travel on the same, and assumed the risk of his journey thereon.

There was no error committed by the court in striking out this answer. All the matters therein averred were admissible under the general denial which was pleaded, and the appellant, for that reason, was not injured by the ruling of the circuit court. *Ketcham* v. *Brazil, etc., Coal Co.*, 88 Ind. 515 ; *Boyce* v. *Graham*, 91 Ind. 420.

The third paragraph of the answer avers that the city of New Albany is a municipal corporation of the State, having a population of less than twenty thousand, as ascertained by the last census taken by the United States ; that its fiscal year began on the 1st day of June, 1886, and ended on the 31st day of May, 1887 ; that its council determined that nine-tenths of one per cent. of the ad valorem tax would be sufficient to raise money enough to meet and discharge all current expenses and obligations that might accrue during that fiscal year ; that on the 29th day of January, 1887, and for more than five years previous thereto, the city was indebted, evidenced by bonds, notes and other obligations, theretofore issued and negotiated by it, to an amount of over $400,000, which indebtedness largely exceeds two per centum of the value of the taxable property of said city ; that for more than one month prior to appellee's injury appellant had caused to be expended, and had anticipated, its general purpose funds in improving and maintaining its streets, al-

leys, bridges, sewers, its fire department, and other departments of municipal government, and for more than one month prior to the 29th day of January, 1887, it had no funds available at its disposal, or within its control, which would have enabled it to repair and replace the sidewalk mentioned in the complaint, and put the same in a safe and passable condition.

Section 1, article 13, of our State Constitution provides that "No political or municipal corporation in this State shall ever become indebted, in any manner or for any purpose, to an amount, in the aggregate exceeding two per centum on the value of the taxable property within such corporation, to be ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness; and all bonds or obligations, in excess of such amount, given by such corporation, shall be void."

The appellant contends that as it had exhausted its available funds it was excused, by reason of the above constitutional provision, from repairing the sidewalk upon which the appellee was injured.

It was intended by this provision of our Constitution to prevent political or municipal corporations from contracting large debts payable out of general taxes to be collected from the people residing or owning property within the corporate limits. Having this purpose in view the amount of indebtedness which corporations may contract is specifically limited. But assessments for street improvements or street repairs are not general taxes payable by the people generally, but they are made against those whose property is benefited, upon the assumption that the property-owner is benefited in a sum equal to the assessment. The corporation, as such, is not liable for such assessments. Section 3162, R. S. 1881, provides that the common council of a city shall have power to compel the owner or owners of any lot or part of a lot on any street or alley, or upon any part of any street or alley, to repair the sidewalks in front of their respective lots or

parts of lots; and in case the owner or owners of any lot or part of a lot on any street or alley, or any part thereof, fails or refuses to repair the sidewalks in front of their lots the common council may cause such repairs to be made by the street commissioner, at the cost and expense of the owner or owners of such lot or lots. Under the provisions of sections 3164 and 3165 the costs of such repairs may be collected from the owners of such lots without expense to the city.

In the case of *Quill* v. *City of Indianapolis*, 124 Ind. 292, it was held that under the provisions of the act of March 8th, 1889, upon the subject of street improvements, bonds or certificates issued in pursuance of the provisions of the act did not create an indebtedness within the inhibition of the constitutional provision we are now considering, as they are payable out of a fund accumulated from assessments made against the property benefited by the improvement. See, also, *Board, etc.,* v. *Fullen,* 111 Ind. 410; *Strieb* v. *Cox,* 111 Ind. 299; *Board, etc.,* v. *Hill,* 115 Ind. 316; *City of Valparaiso* v. *Gardner,* 97 Ind. 1.

So in case of repairs, the expense thereof is paid by the adjacent property owner whose real estate is supposed to be benefited in a sum equal to the assessment made for that purpose. A municipal corporation, as such, receives no benefit from the improvement or repair of its streets, but the benefit is said to inure to owners of lots abutting upon the street so improved or repaired.

An examination of the statutes above referred to will disclose the fact that cities in this state are clothed with power to improve and keep in repair their streets and alleys without expense to the city, and where such power exists we do not think it is a defence, when sued for injuries occurring by reason of its neglect to keep the streets in repair, to say it had no funds with which to pay for such repairs. As the streets are improved and kept in repair at the expense of the adjacent property owners, paid by assessments made in pro-

portion to the benefits received, and not out of the city treasury, debts created for that purpose, to be paid in that mode, do not fall within the evil intended to be prevented by the constitutional provision above set out.

We are of the opinion that the answer under consideration was not sufficient to bar the cause of action set up in the complaint, and that the court did not err in sustaining a demurrer thereto.

The remaining questions in the case relate to the action of the circuit court in overruling the appellant's motion for a new trial.

It is insisted by the appellant that the verdict of the jury is not supported by the evidence in the record, but we think otherwise. The evidence before us abundantly supports the verdict of the jury.

No objection is made to the instructions given by the court, but it is urged that the court erred in refusing to give certain instructions asked by the appellant.

This contention is met by the appellee with the objection that it does not appear that all the instructions given by the court are in the record. This objection seems to be well taken. We have been unable to find any authentic statement of any kind in the record from which it can be inferred, as in *Grubb* v. *State*, 117 Ind. 277, that all the instructions given by the court to the jury are before us.

In this condition of the record we can not consider the ruling of the circuit court in refusing to give the instructions asked, as they may have been included in those given. *Ford* v. *Ford*, 110 Ind. 89; *Lehman* v. *Hawks*, 121 Ind. 541.

Finally, it is contended by the appellant that one of the jurors who tried the cause was guilty of such misconduct as entitles it to a new trial.

It appears, by affidavits on file, that one of the jurors separated from the remaining eleven, after they had retired to deliberate of their verdict, without the permission of the

court, and remained out of sight of the bailiff and the other jurors for one half hour.

In support of the verdict the appellee filed the affidavit of the juror who absented himself to the effect that during his absence from the other jurors he did not communicate with any one in relation to the case, or upon any subject connected therewith.

Misconduct of a juror, in order to be sufficient to authorize the granting of a new trial, must be gross, and must have resulted in probable injury to the complaining party. *Harrison* v. *Price,* 22 Ind. 165 ; *Whelchell* v. *State,* 23 Ind. 89 ; *Medler* v. *State, ex rel.,* 26 Ind. 171 ; *Carter* v. *Ford Plate Glass Co.,* 85 Ind. 180.

However reprehensible the conduct of the juror who absented himself from the others may have been, under the showing that he had no communication with any person upon the subject of the case which he was sworn to try, we think it can not be inferred that his absence probably injured the appellant. In the absence of such a showing, we have seen that his misconduct was not sufficient to authorize a new trial.

We are of the opinion that there is no available error in the record.

Judgment affirmed.

Filed March 20, 1891.