Filed Feb. 22, 1894.

———————◆———————

## No. 16,704.

## ROBINSON ET AL. v. THE CITY OF VALPARAISO ET AL.

MUNICIPAL CORPORATION.—*Sewer.*—*Judgment of Council as to Acceptance of Same can not be Questioned by Injunction.*—*Adequate Remedy at Law.*—The matter of constructing sewers, and accepting the same when completed, is placed in the hands of the council, and the judgment of the council can not be questioned by collateral attack by way of injunction to restrain the city from accepting a system of sewers and from paying therefor by assessment or otherwise, on account of the defective construction thereof. The law affords the property owner a full and complete remedy therefor, and injunction will not lie.

SAME.—*Sewer.*—*City not Liable for.*—*Liability on Property Benefited.*— A city assumes no obligation to pay for the construction of a sewer, but the same is to be paid for out of assessments on the property benefited thereby.

STATUTE.—*Amendment.*—*Blends with Original.*—The act of 1891, amending certain sections of the act of 1889 relating to sewers, blends with the latter and both constitute but one act.

From the Porter Circuit Court.

*H. A. Gillett* and *N. L. Agnew*, for appellants.

*A. D. Bartholomew* and *A. L. Jones*, for appellees.

HOWARD, C. J.—There is but one error assigned in this case, and that is, sustaining demurrers to the amended complaint.

Briefly stated, the suit was brought to enjoin the city

from accepting a system of sewers and from paying therefor by assessment or otherwise, on account of the defective construction thereof by the contractors.

The complaint sets out the proceedings of the city authorities leading up to, and the making of, a contract with the appellees, Dickover and Salyer, for the construction of the entire system; that the contractors had entered on the work and proceeded therewith to a point where it was claimed by the contractors to be about complete, and that the city was about to proceed and threatening to accept the work without any inspection thereof, and go on with the work on the basis that it was properly done; that in fact the work is not done according to contract, but, on the contrary, is so defectively done as to be worthless for the purpose intended, so that the use thereof does and will constitute a nuisance. The defects complained of are particularly set forth in the complaint.

The suit was brought by eighty-five abutting lot owners, describing their respective lots which would necessarily be assessed for the construction of the sewer, and the fact that they were each and all general taxpayers in the city, and their said lots occupied for residence purposes.

As relating to a suit of this nature, it is said in Elliott's Roads and Streets, 442, that "Irregularities or errors not jurisdictional can not ordinarily be made available in a suit for injunction. The question whether the work has been done according to contract is one to be tried at law and not in injunction proceedings. * * * It may safely be affirmed, without multiplying illustrations, that where nothing more than errors or irregularities in the proceedings appear an injunction will not be awarded, unless it is applied for before the work has been done, and even then the writ will not issue if the errors are not of a material character, nor will it issue if there is an adequate remedy at law."

That the decisions of this court are in harmony with the law as thus declared, see *McEneney* v. *Town of Sullivan*, 125 Ind. 407, and cases there cited.

The statute under which the work in this case was done, is the act of the General Assembly, "providing the mode and manner of making street and alley improvements and building sewers," approved March 8, 1889, known as the Barrett Law (Acts 1889, p. 237), as the same was amended by the act approved March 6, 1891 (Acts 1891, p. 323). The latter act went into effect on its approval, by reason of an emergency clause.

It appears, from the complaint, that, in accordance with the terms of the statute, the common council did, on the 18th of July, 1890, and again on the 27th of March, 1891, adopt resolutions "of necessity," showing that, in the opinion of the council, the work of building such sewer system should be undertaken; that notice, as required by statute, was given to owners of property to be affected, of the time and place when and where they could appear and object to the necessity for the construction of such sewers, as described in said resolutions; that on April 24, 1891, bids to do the work provided for in the resolutions were advertised for; that on May 22, 1891, by resolution duly passed, the common council found that due notice had been given to owners of property to be affected by such work, and ordered the sewers constructed in accordance with said statute; that, afterwards, on said May 22, 1891, the appellees Dickover and Salyer filed their bid for such work; that on May 26, 1891, the council accepted said bid and entered into contract with Dickover and Salyer for the construction in accordance with the resolutions and bid, which were made parts of the contract the work to be paid for on estimates and assessments, within forty-five days after

completion, or within such time as the city may issue and sell bonds therefor, as provided by said statute.

The complaint continues: "That thereupon, in pretended fulfillment of said contract, the said Dickover and Salyer entered upon the work called for by said contract, and have continued the same from time to time hitherto, and the said city has caused partial estimates to be made for said work and orders to be issued therefor, payable out of the fund to be derived from assessments upon abutting property; and the said Dickover and Salyer now pretend that the said work is about complete, and are insisting upon a final estimate thereof, and that the city shall proceed to assess abutting property to pay said former orders and any amount still due, and issue bonds in that behalf, and the city is threatening to comply with said request, to accept said work as done in compliance with said contract."

It is hard to see how the city and the contractors could have kept closer to the letter of the statute than they have done, as thus shown in the complaint. The jurisdiction of the council over the subject-matter and the person, the property and the property-owners, fully appears.

The complaint goes on to specify defects in the work. But this matter is placed by law in the hands of the council; and their judgment thereon can not be questioned in this collateral attack. The law itself provides a method by which any wrong done any property-owner may be rectified.

By the provisions of the statute (Acts 1891, p. 328), nothing in the statute "shall be so construed as to prevent any person from obtaining an injunction upon the proceedings prior to the making of any such improvements."

By this provision the rights of the property owners

are fully protected, not only up to the time when the council acquires jurisdiction, but even to the beginning of the work under the contract. Whatever ought not to begin can, therefore, be stopped by the strong arm of the law.

But from the time that work begins under a lawful contract, vested rights attach; and the faithful completion of the work is placed by the law in custody of the city authorities, chosen by the people, and clothed with power to care for the common welfare. It is made their duty to see that the work is done according to contract. Yet, to guard against possible hardship to any property owner, the law adds yet another shield for his protection. When the work is done, and the final estimate of assessments on the property is reported to the council, it is provided (Acts 1891, p. 324) that two weeks' notice shall be given of the time and place when and where objections may be made to the confirmation of such estimate. And, finally, if the property-owner is still dissatisfied, and refuses to pay his assessment, and a precept is issued for its collection, he is given the right of appeal to the courts. On this appeal all questions from the making of the contract to the report of the engineer on the final estimate are brought in review (Acts 1891, p. 327).

Not until the court shall find that the proceedings subsequent to the order directing the work to be done, are regular, that a contract has been made, that the work has been done according to the contract, and that the estimate has been properly made thereon, will the property owner be finally compelled to pay his assessment. Thus, the law affords the property-owner a full and complete remedy, and injunction will not lie. *Board, etc.,* v. *Hall,* 70 Ind. 469; *Ricketts* v. *Spraker,* 77 Ind. 371; *Sims* v. *City of Frankfort,* 79 Ind. 446; *Smith* v.

*Hess, Sheriff,* 91 Ind. 424; *Young* v. *Sellers, Aud.,* 106 Ind. 101; *Barber Asphalt Paving Co.* v. *Edgerton,* 125 Ind. 455.

Appellants try to strengthen their contention by saying that they sue, not only as property owners liable to assessment for the construction of the sewer, but also as taxpayers; inasmuch as the city is liable to have to pay for the sewer, under the terms of the contract, out of the general city treasury.

In answer to this, it is sufficient to say that all the proceedings are under the statute, that the sewer is to be paid for out of assessments on the property benefited. The city, in her corporate capacity, assumes no obligation by reason of the work. *Quill* v. *City of Indianapolis,* 124 Ind. 292; *City of New Albany* v. *McCulloch,* 127 Ind. 500.

It is further contended that the action will lie as a suit to enjoin a nuisance. The complaint shows that the sewer is not now a nuisance; but avers that, as constructed, it must become a nuisance.

The question to be decided in this proceeding is, whether the work has been done according to contract; and this can not be answered by an investigation into the probable future working of the sewer. If the sewer should become a nuisance in the future, notwithstanding its construction according to contract and the plans and specifications, that will be a question of another kind. If it shall turn out that the city is responsible for a nuisance, that may be abated.

What appellants are now asking, as their brief states, is that the city be enjoined "from accepting a system of sewers and from paying therefor by assessment or otherwise, on account of the defective construction thereof by the contractors."

A question, if we understand it, seems to be raised as

to whether the work was done under the act of 1889 or under that of 1891. Certain sections of the act of 1889 were amended by the act of 1891. The latter act is blended in the former.

"The amended sections took the place of the originals." *Fuller* v. *Cox*, 135 Ind. 46, 34 N. E. Rep. 822.

It is one act, and all its provisions are to be construed together. This act, as amended, was in full force at the time the notices were given, the bids received, the work determined upon, the contract awarded, and the work done. It is binding alike in all its parts upon the city, the contractors and the property owners.

In any event, the appellants, who have stood by until the work is done and now seek to enjoin payment, are in no position to complain of the act of 1891, which, without adding any burden, enlarges their remedy, both as to injunction before the work is begun and as to appeal after it is completed.

The judgment is affirmed.

