City of Huntington *v.* Force.

THE CITY OF HUNTINGTON *v.* FORCE ET AL.

[No. 18,130.    Filed April 4, 1899.]

MUNICIPAL CORPORATIONS.—*When City Becomes Liable on Contracts for Public Improvements.—Statute Construed.*—Under the act of March 8, 1889, known as the "Barrett Law," a city is not liable on contracts for the construction of certain public sewers until it has issued and sold improvement bonds, collected assessments, or otherwise realized from the property benefited the amounts to be paid out to the contractors. *p. 370.*

SAME.—*Improvements.—Complaint by Contractor for Extras.—Sufficiency.*—A complaint for extra work and materials by one who contracted with the city to make certain public improvements, which does not show that the extra work and materials were performed and furnished upon orders in writing signed by the engineer and approved by the common council, as required by the terms of the contract, is bad on demurrer. *pp. 370, 371.*

SAME.—*Improvements.—Liability of City.*—A city cannot render itself liable for work done, and materials furnished, "beyond the contract," in the construction of improvements which were to be paid for by assessments on the lots and lands to be benefited. *p. 371.*

From the Whitley Circuit Court.    *Reversed.*

*J. B. Kenner* and *U. S. Lesh,* for appellant.

*George D. Parks,* for appellees.

DOWLING, J.—Appellees sued the city of Huntington for moneys alleged to be due them on account of work done, and materials furnished, in the construction of certain public sewers. The complaint is in three paragraphs, the *first* and *third* being founded upon written agreements, plans and specifications, which are made exhibits. The *second* paragraph is a common count for work and materials not called for by the contract, plans, or specifications, but alleged to have been performed, and furnished upon the order of the city engineer,

or his authorized agents. Demurrers were filed to the several paragraphs of the complaint and were overruled. Appellee answered in five paragraphs, and filed a counterclaim for damages. Reply in four paragraphs. Demurrer to second paragraph of reply overruled. Trial by jury. Special verdict returned, and judgment for appellees. Exceptions to the rulings of the court were saved, and error is properly assigned upon these rulings.

The sewers which the appellees undertook to construct constituted a part of the general system of public improvements of the city of Huntington, and the contracts for their construction were entered into upon the authority of the act of March 8, 1889, known as the "Barrett Law."

The copy of the contract filed with the first paragraph of the complaint contains an agreement on the part of the appellant "to allow and pay in cash" to appellees the prices set out in the contract; and the copy of the agreement, filed with the third paragraph, states that the appellant "promises to allow" to the appellees the prices named, "payment to be made after work is completed and bonds sold."

There is no averment in either of these paragraphs that the improvement bonds had been sold, or that a fund had come into the possession of the city of Huntington out of which the claim of the appellees could be paid.

The action is brought against the city as if it were primarily and unconditionally liable for the claims of the appellees.

According to the construction put upon the act of March 8, 1889, by this court, no such primary liability exists, or can be enforced against the city.

Notwithstanding the words of the statute to the effect that the city shall be liable to the contractors for the contract price of the improvement, it is held that the city, in its corporate capacity, assumes no obligation to pay for the work. The resolutions of the common council, preliminary to the

making of the contracts for the improvements, could only be such as the statute authorized; and the contracts made in pursuance of those resolutions could not charge the city with a liability not contemplated by the resolutions. The statute required that the cost of the improvements should be assessed against the lots and lands benefited thereby. It permitted the issuing of bonds in anticipation of assessments against the property benefited; but it neither required nor authorized the city to pay the cost of such improvements out of its general revenues.

The contract referred to in the first paragraph of the complaint must be understood to mean that the city of Huntington will pay the claim of the contractors in cash when a fund is collected out of which such payment can lawfully be made. The agreement set out in the third paragraph of the complaint expressly declares that "payment is to be made after work is completed and bonds sold."

The liability of the appellant being secondary, it could not accrue until appellant had issued and sold improvement bonds, collected assessments, or otherwise realized from the property benefited the amounts to be paid out to the contractors. *Quill* v. *City of Indianapolis*, 124 Ind. 292; *Robinson* v. *City of Valparaiso*, 136 Ind. 616; *Dowell* v. *Talbot Paving Co.*, 138 Ind. 675; *Porter* v. *City of Tipton*, 141 Ind. 347.

The proceedings in the case of the *City of Elkhart* v. *Wickwire*, 121 Ind. 331, cited by counsel for appellees, were under a different statute; and that case is not an authority in the present controversy.

It is further objected by appellant that the first and third paragraphs of the complaint are bad, because they do not show that the extra work and materials were performed and furnished upon orders in writing, signed by the contractor and engineer and approved by the common council, as required by the terms of the contracts, and the specifications attached thereto. This objection is well founded. We find

nothing in the contracts which conferred on the city engineer authority to alter the plans and specifications without the approval of the common council.

The demurrers to the first and third paragraphs of the complaint should have been sustained.

The second paragraph of the complaint, also, must be held insufficient. We have not been referred to any statute, and we know of none, which authorized the appellant to render itself responsible for work done, and materials furnished "beyond the contract" in the construction of sewers, which were to be paid for by assessments on the lots and lands to be benefited.

Other errors are assigned, but as the judgment must be reversed upon the pleadings, it will not be necessary to consider them.

Judgment reversed, with instructions to the court to sustain the demurrers to the first, second, and third paragraphs of the complaint.