George F. Harding v. Frank A. Helmer, Receiver, etc., Charles B. Farwell et al.

1. APPELLATE COURT PRACTICE—*Assignments of Errors and Cross-Errors Must be Written upon or Attached to the Record.*—The rules of this court require that all assignments of errors and cross-errors must be written upon or attached to the record. For non-compliance with the rule such cross-errors need not be considered.

2. CROSS-ERRORS—*To What They Can Not be Assigned.*—Cross-error can not be assigned as to the part of a decree not brought up by the appeal, or suit in error.

Appeal and Error from and to the Circuit Court of Cook County (two cases consolidated); the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 2, 1900.

Wm. J. Ammen, attorney for appellant.

Charles E. Pope, attorney for Selah Reeve.

Tenney, McConnell, Coffeen & Harding, attorneys for appellees.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This appeal and writ of error were consolidated by order entered upon the stipulation of parties and heard upon one record. They are from a decree of the Circuit Court, entered June 3, 1898, and the real questions for decision are embraced in the single proposition of whether the decree is or is not warranted by the order and opinion of the Supreme Court reversing a former decree herein, and remanding the cause " for such other and further proceedings as to law and justice shall appertain, not inconsistent with the opinion of the court " then filed. Farwell v. Great Western Telegraph Company, 161 Ill. 522.

The pivotal contention by appellant is directed to that part of the decree which adjudges the payment by him to the receiver of the sum of $16,068.84, being the amount ($14,719.50) found due by the master, with interest added to the date of the decree.

The master arrived at the amount stated by him to be due from appellant by charging appellant with $7,622.44, and adding interest thereto from November 27, 1880, at the rate of six per cent per annum until July 1, 1891, and there-after at the rate of five per cent per annum to the date of his report.

The said sum of $7,622.44 is the amount which the master was directed, by the interlocutory decree entered herein, to charge appellant with and to allow interest upon from said November 27, 1880. And said $7,622.44 is the same sum which appellant testified was the amount of certain bonds and coupons held by him on said November 27, 1880, and the exact amount received by him from the proceeds of the sale of the telegraph lines.

And for the amount received by appellant from the proceeds of such sale, the Supreme Court, by its opinion, expressly held appellant should be compelled to account, with interest from said November 27, 1880.

It is not for us to question either the reasoning or conclusion of the Supreme Court. All persons interested in the question can see the lengthy and apparently exhaustive opinion by that court upon the case, by referring to 161 Ill. 522. It seems to us that there is nothing we can add to that opinion—especially with reference to the propositions advanced by appellant.

If appellant is entitled to a set-off against the amount decreed against him, we are utterly unable, unless in disregard of the opinion of the Supreme Court, to find any warrant for it. For us to explain the opinion of the Supreme Court would be in a sense an attack upon it for want of certainty, which we are not prepared to make. It seems to us to be, in expression and necessary inference, as plain as words can be, and to fully warrant the proceedings of the Circuit Court and the decree appealed from.

We have considered every assignment of error that has been argued by appellant, and are of opinion none of them are sustainable.

A loose paper, entitled as and purporting to contain an assignment of cross-errors by Selah Reeve, one of the defendants in error, has been filed by leave of court given to assign cross-errors, and a brief has been filed in behalf of said Reeve.

The rule of this court (Rule 12) requires that all assignments of errors and cross-errors " must be written upon or attached to the record." For non-compliance with the rule these cross-errors need not be considered by us, but there is a meritorious reason also.

There is nothing in the decree now before us of which appellant complains that concerns Reeve, so far as we can see, and no error is assigned or argued against him, or as to any part of the decree in which he may, possibly, be interested. Cross-errors can not be assigned as to the part of a

decree not brought up by the appeal, or suit in error. Walker v. Pritchard, 121 Ill. 221; Robbins v. Butler Paper Company, 35 Ill. App. 512.

The decree of the Circuit Court is affirmed.

Mr. Justice HORTON does not participate in the decision.