## Town of Windfall City et al. *v.* First National Bank of New Castle.

[No. 21,226. Filed April 1, 1909. Rehearing denied October 7, 1909.]

1. APPEAL.— *Parties.— Defendants.—Separate Judgments.*—Where the plaintiff sues two or more defendants and judgment is rendered against one of such defendants, but in favor of the others, in an appeal taken by the losing defendant it is not necessary to make the other defendants parties. p. 686.

2. APPEAL.—*By Successful Party.—Assignments of Errors.*—A defendant who recovered judgment below cannot prosecute an appeal nor assign errors. p. 687.

3. PLEADING.—*Parties.—Plaintiff.—Improvement Bonds.—Enforcement.—Statutes.*—Neither under the civil code (§§269, 270 Burns 1908, §§268, 269 R. S. 1881), providing for the joinder of parties defendant, nor under §4297 Burns 1901, Acts 1889, p. 237, §9, providing that where improvement bonds are issued the holder or holders thereof may join all assessed property owners in one suit for the enforcement of the liens of such bonds, can the municipality issuing the bonds be joined with the assessed owners in a suit upon such bonds. p. 687.

4. APPEAL.— *Parties.— Separate Judgments.*— Where a suit is brought against certain defendants who cannot lawfully be joined, the judgments taken will be considered on appeal as taken in separate suits. p. 688.

5. APPEAL.—*Cross-Errors.—When Assignable.*—Where certain appellants had no right of appeal, cross-errors assigned against them by appellee are wholly unavailing. p. 688.

6. APPEAL.—*Cross-Errors.—Nature of.*—Cross-errors are in the nature of a counterclaim, and can be assigned only in respect to rulings connected with the judgment appealed from. p. 689.

7. MUNICIPAL CORPORATIONS.—*Improvement Bonds.—Personal Liability.*—A town issuing street improvement bonds by virtue of §§4288, 4289, 4290, 4297 Burns 1901, Acts 1889, p. 237, §§1-3, 9, incurs no personal liability thereon, the assessed property owners alone being liable therefor. pp. 690, 693, 695.

8. APPEAL.—*Briefs.—Points.*—Questions not raised in the "points" in a party's brief cannot be considered on appeal. p. 691.

9. MUNICIPAL CORPORATIONS.—*Street Improvements.—School Property.*—School property was exempt from assessment for street improvements made by virtue of §§4288, 4289, 4290, 4297 Burns

1901, Acts 1889, p. 237, §§1-3, 9, providing for the assessment of the benefited property for the payment for such improvements. p. 694.

10. MUNICIPAL CORPORATIONS.—*Street Improvements.—Assessment of School Property.—Estoppel.—Mistake.*—Bonds issued for street improvements by virtue of §§4288, 4289, 4290, 4297 Burns 1901, Acts 1889, §§1-3, 9, a part of the assessments therefor being against non-assessable school property, do not estop the town issuing same from denying personal liability therefor, since all persons dealing with such town are presumed to know thereof, the mistake being one of law. p. 695.

11. MUNICIPAL CORPORATIONS.—*Street Improvement Bonds.—Contracts.—Ultra Vires.*—A stipulation in a bond pledging the credit and good faith of the town, such bond being issued in accordance with the street improvement law (§§4288, 4289, 4290, 4297 Burns 1901, Acts 1889, §§1-3, 9), is *ultra vires.* p. 695.

12. MUNICIPAL CORPORATIONS.—*Street Improvements.—Failure of Assessments.—Liability.*—A town which assesses non-assessable school property for a part of the cost of street improvements, is not personally liable for the deficit caused thereby in the payment of the improvement bonds. p. 695.

13. MUNICIPAL CORPORATIONS.—*Street Improvement Bonds.—Failure of Assessments.—Remedy.*—Where certain assessments for street improvements are illegal, *quaere,* whether the town issuing bonds therefor may voluntarily pay the deficit out of its general funds, or whether a new assessment can be ordered upon the assessable property to pay such deficit. p. 696.

From Tipton Circuit Court; *J. C. Blacklidge,* Special Judge.

Suit by the First National Bank of New Castle, Indiana, against The Town of Windfall City and others. From a judgment for plaintiff against such city, defendants appeal. *Reversed.*

*W. O. Dean* and *L. B. Nash,* for appellant Town of Windfall City.

*Gifford & Gifford* for appellants School Town of Windfall City and Wildcat School Township of Tipton County.

*Forkner & Forkner,* for appellee.

JORDAN, C. J.—Appellee commenced this suit in the lower court by filing a complaint in two paragraphs, making the town of Windfall City, of Tipton County, the school

town of Windfall City and Wildcat school township defendants, together with Samuel Gaddis, Samuel Dingle and William H. Minnick (the latter persons constituting a firm of contractors), they being made defendants to answer to their interest in the subject-matter of the suit. The purpose of the suit was to recover money alleged to be due and unpaid on street improvement bonds, and to enforce a lien for the payment thereof. The bond in suit arises out of certain street improvements made by the town of Windfall City under and in pursuance of certain sections of what is commonly known as the Barrett law (§§4288, 4289, 4290, 4297 Burns 1901, Acts 1889, p. 237, §§1-3, 9).

By the first paragraph of the complaint the plaintiff seeks to recover an unpaid balance alleged to be due on account of the improvement of College street, a public street of the town of Windfall City. By the second paragraph the recovery is sought of an unpaid balance arising out of the improvement of South Independent street and other public streets of said town. Among other things, the first paragraph alleges that the plaintiff is a banking corporation, duly organized under the laws of the United States; that the town of Windfall City, Tipton county, Indiana, and the school town of Windfall City and Wildcat school township, of Tipton county, Indiana, are municipal corporations, duly organized and existing under the laws of the State of Indiana; that on December 6, 1898, there was, and for a long time prior thereto had been, and is yet, a public street in said town of Windfall City known as College street; that abutting on this street is out-lot No. 41, which lot is owned jointly by said school town and said Wildcat school township, and which lot was and is used by said school corporations for the maintenance of schools for the education of the children of said town and township; that said lot abuts on said College street for a distance of 359 feet; that on the date last mentioned the board of trustees of the town of Windfall City, by a unanimous vote, passed a necessity resolution under the aforesaid stat-

ute, declaring thereby the necessity of improving said College street, along and past said school lot and property, said improvement to be made by grading and paving the roadway with paving brick the entire length of the street, etc.

The pleading then sets forth in detail the various steps taken by the town, leading up to said improvement, all in accordance with and as required by the aforesaid statute, including the contract for the construction of said work entered into by and between said defendants Minnick, Gaddis and Dingle and the board of trustees of the town of Windfall City, the execution of a bond by said contractors, the making and completion of said improvement by them according to their contract, and the acceptance of the work by the board of trustees of said town, the total cost of the work, the assessments made by the board of trustees against the several abutting property owners according to their frontage upon said street, etc. By this assessment there was charged against said out-lot No. 41 the amount of $757.49 as its portion of the cost of said street improvement, etc. The execution of waivers, as authorized by the statute, by the several property owners, including the two school corporations herein, is shown by the averments of the pleading. After the execution of these waivers, it is alleged that the board of trustees of said town of Windfall City, relying upon the faith of said waivers and the agreements and promises therein, "duly passed and adopted an ordinance thereof authorizing and directing the issue of bonds for the sum of $2,306.76, for the purpose of raising money with which to pay for said improvement; said bonds to bear five per cent interest, payable semiannually, to be issued in the name of the town of Windfall City." It is averred that during the performance of said improvement by the aforesaid contractors, and in order to obtain means with which to perform said work, they pledged their contract and all rights thereunder to the People's Bank of the town of Windfall City, in consideration that said bank would furnish to them in advance funds neces-

sary to pay for the material and labor in the performance of such work. Under the contract between the town and the aforesaid contractors, it was provided that the town would cause to be issued street improvement bonds, as provided by said statute, and acts amendatory thereof, and said contractors · agreed therein that they would accept such bonds in the payment of said improvements to be made. On December 6, 1899, said town did execute and deliver unto the aforesaid contractors a certain street improvement bond; in payment of the contract for the improvement of said street, a copy of which bond was filed with the pleading and made a part thereof. By the terms of this bond the town of Windfall City agreed to pay to the bearer at the People's Bank in the town of Windfall City, State of Indiana, $2,306.76 as follows: Ten per cent thereof on November 6, 1899, and ten per cent on the first Monday of November of each year until the whole amount of said bond was paid, the bond to bear interest at the rate of five per cent per annum on the unpaid portions, payable semiannually, on the first Mondays of May and November in each year. This bond was to be paid as provided upon the face thereof out of the assessments made upon the following described real estate in the town of Windfall City, Tipton county, Indiana, viz., College street for the entire length, etc., and Independent street, etc., these being the two streets improved. It was further stipulated in the bond, and on the interest coupons attached thereto, that the credit and good faith of the town is "hereby pledged."

Upon the issue of this bond, and the delivery thereof to said contractors, the latter transferred and delivered it to the People's Bank as further security. Thereafter this bank transferred and delivered the bond, with the unpaid coupons attached, to the plaintiff. It is alleged that plaintiff purchased and received the bond in good faith for the full value thereof, in the ordinary course of business, without notice of any defect, alleged defect or illegality there-

on, etc.; that, by reason of the purchase of said bond, plaintiff became and is equitably substituted to all the rights of said contractors under the original contract for and on account of work and labor performed by them in the improvement of said streets as against each and all parties hereto, and became substituted to all the rights of said People's Bank, and that said Minnick, Gaddis and Dingle, individually and under their partnership name, before the commencement of this action, transferred and assigned unto the plaintiff all of their rights of every kind and character, and all claims arising under and in pursuance of said contract for the work and labor performed and material furnished under and in pursuance of said contract; "the plaintiff is informed that the school corporations, defendants herein, claim and aver that said assessment against said school property is null and void, and without authority at law, and that said school corporations are not bound by their said waivers, and are in nowise liable for the payment of said bond, or any part thereof, and that said town now denies all liability for the payment of said bond, and refuses to pay the same or any part thereof."

After averring other facts in respect to attorneys' fees arising out of the prosecution of this action, the pleading closes as follows: "The plaintiff therefore brings suit, and demands judgment in the sum of $1,000, the establishment and foreclosure of a lien against said school property for the amount of said assessment, with accrued interest thereon, and should the court determine that said assessment is illegal and void, and that the town of Windfall City had no power or authority to make the same against the property, then it demands judgment against said town for the sum aforesaid and for all other proper relief." Copies of the contract, contractors' bond, and of the improvement bond in the suit, are filed as exhibits with the pleading. In the bond it is stated that it was issued pursuant to an act of the General Assembly of the State of Indiana, approved March 8,

1889, and amendments subsequent thereto, and in pursuance of the provisions of an ordinance passed by the board of trustees of said town on January 3, 1899. There is no averment in either paragraph of the complaint to show that any assessment whatever was made against the town of Windfall City, or that said city had collected or received any money upon the improvement bond issued, or upon any of the assessments made against any of the property owners which it had not accounted for and paid over. In fact, nothing is averred to show that the town of Windfall City has in any manner realized upon any of the property assessed as benefited by the improvement.

The second paragraph of the complaint is substantially the same in form and substance, except some variations by reason of its relating to the unpaid assessments on South Independent street, but in all other respects it presents the same questions raised by the first paragraph. The appellant town of Windfall City filed its separate demurrer for want of facts to each paragraph of the complaint. The court overruled this demurrer, to which ruling the town excepted. After having unsuccessfully demurred, the town of Windfall City filed an answer in the nature of payment, accord and satisfaction. The plaintiff's demurrer to this answer, for insufficiency of facts, was sustained, and said defendant refused further to plead, and thereupon the court rendered a separate judgment against it as follows: "It is adjudged and decreed by the court that the plaintiff recover of and from defendant, town of Windfall City, the sum of $1,144, together with the costs and charges, taxed at $———, to which said defendant at the time excepted, and prayed an appeal to the Supreme Court of Indiana, which, as the record recites, was granted, and its appeal bond fixed by the court in the sum of $2,000, and it is now agreed in open court by plaintiff and said defendant town of Windfall City that the clerk of this court may approve such bond when filed, and when so filed and approved by said clerk the same shall be

treated as the approval of and as having this day been approved by the court, all of which is adjudged.''

From this judgment the town of Windfall City appeals, and has separately assigned errors upon the overruling of its demurrer to each paragraph of the complaint, and upon the sustaining of plaintiff's demurrer to its separate answer, and prays that the judgment against it be in all things reversed. The court sustained the separate demurrer of the school town of Windfall City, and also the separate demurrer of Wildcat school township to each paragraph of the complaint for want of facts, to which ruling the plaintiff excepted, and, upon the latter's electing to abide by the ruling of the court upon the demurrer, the court thereupon rendered a separate judgment in favor of each of said school corporations against the plaintiff, adjudging that the plaintiff take nothing by its action upon either paragraph of the complaint as against the defendant school town of Windfall City, and that said school town recover from the plaintiff its costs laid out and expended. The court also rendered a separate judgment in favor of Wildcat school township, that the plaintiff, as to it, take nothing by its action upon either paragraph of the complaint, and that said school township recover from the plaintiff its costs. Minnick, Gaddis and Dingle, the defendant contractors in the case, were defaulted and the court adjudged as against them that they had no interest in the subject of the action.

It will be observed that appellant town of Windfall City has joined with it as coäppellants all of the defendants below. Counsel for appellee insist that this appeal 1. cannot be considered as a term-time appeal, but in respect to this question we need not decide, for said appellant has also taken the necessary steps to make it a vacation appeal. The claim of appellee, that the appeal should be dismissed because the only appellant assigning errors is the town of Windfall City, is untenable. As heretofore shown, the court rendered a separate judg-

ment in favor of each of the two school corporations and against plaintiff. Under the circumstances, neither of these corporations had any interest in the judgment which appellant town of Windfall City seeks to reverse by this appeal. They are neither proper nor necessary parties to the appeal. *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273.

These school corporations, not having any legitimate standing in this appeal, consequently have no right to assign errors. Certainly they have no grievance, on account of the decision of the trial court, for which they can be heard to complain, for each recovered a judgment against appellee bank. As preliminary to a question of appellee's assignment of cross-errors, as hereafter shown, we deem it proper to make the following statement.

3. Section nine of the Barrett law (§4297 Burns 1901, Acts 1889, p. 237), in dealing with improvement bonds or certificates issued on account of any of the public improvements made under the law, among other things provides that "the owner of any of such certificates or bonds may proceed in his own name to collect such assessment and foreclose the lien thereon in any court of competent jurisdiction," etc., and that "any number of holders of such certificates or bonds for any single improvement may join as plaintiffs, and any number of owners of the property on which the same are a lien, may be joined as defendants in such suit." Under this provision of the statute appellee, as the holder of the improvement bond or certificate in suit, was authorized to join as defendants the two school corporations, they being joint owners of the school property out-lot No. 41, against which appellee sought to enforce the statutory lien, but the town of Windfall City in its corporate entity was not in any sense the owner of any property affected by the assessment or liens arising out of the improvement in question, and in no manner could it be regarded as a proper or necessary party defendant. Under the circumstances it

is evident that plaintiff was not authorized under the provisions of §4297, *supra*, to join the town of Windfall City as a codefendant together with the two school corporations. Under §269 Burns 1908, §268 R. S. 1881, the town was neither a necessary nor a proper party defendant with the school corporations in this action, consequently its joinder as such was improper. It had no unity of interest in the subject-matter of the action with either the school town or school township as would warrant its joinder as a codefendant under §270 Burns 1908, §269 R. S. 1881. It is manifest, therefore, that the judgment rendered against the

4. town in favor of appellee, from which this appeal is prosecuted, must be regarded as though it had been rendered in a separate action instituted by appellee to recover from the civil town. Under appellants' assignment of errors in this appeal the only matter with which appellee can be said to be concerned is the defeat of a reversal of the judgment which it recovered against the town of Windfall City. It does not seek to disturb, or in any manner to modify, its judgment against appellants, but demands that it be in all things affirmed. At the close of the transcript, however, appellee has assigned what it terms cross-errors

5. in this cause. Under this assignment it complains of the rulings of the lower court in sustaining the separate demurrer of the school town of Windfall City and in sustaining the separate demurrer of Wildcat school township to each paragraph of the complaint, and prays that the judgment against it in favor of each of these school corporations be in all things reversed. Under these cross-errors certain constitutional questions are discussed, but, because of the views which we entertain, these questions need not be considered. The purpose of this cross-assignment of errors is not to prevent the reversal of the judgment from which this appeal is prosecuted, by showing that whatever errors, if any, were committed against appellant by the lower court; such errors afford it no grounds for complaining of the ulti-

mate decision from which it appealed. Neither does appellee, in respect to the judgment appealed from by appellant town of Windfall City, seek by its cross-assignment to secure any ruling by this court upon intermediate questions arising in the lower court for the guidance thereof in the event of a reversal of the judgment and the remanding of the cause back to the lower court for another trial. *Thomas* v. *Simmons* (1885), 103 Ind. 538.

It is apparent that appellee, by its cross-assignment of errors, has undertaken, as against the school town of Windfall City, and Wildcat school township, to make such cross-assignment perform the office of and serve as an independent appeal by it from the separate judgments rendered against it, as heretofore shown, in favor of each of said school corporations. As previously shown, each of the judgments rendered against appellee in favor of the school corporations was separate and distinct from and wholly independent of the judgment rendered against appellant town of Windfall City, and had no legitimate connection with the latter judgment. The judgments in favor of the school corporations were not necessarily brought before this court by virtue of the appeal of the town of Windfall City. In fact, they were not parts of the record necessary to exhibit the rulings upon which the appellants in this case have based their assignments of errors. Elliott, App. Proc., §421.

As the authorities affirm, the assignment of cross-errors in the case appealed is in the nature of a counterclaim in the trial court, and, under a well-settled rule, cross-errors 6. can only be assigned or predicated upon questions presented in the lower court or rulings of the latter which arise out of or are connected with the judgment upon which the appellant bases his appeal. Elliott, App. Proc., §417; Ewbank's Manual, §§20, 139, 206; *Feder* v. *Field* (1889), 117 Ind. 386; *Walker* v. *Pritchard* (1887), 121 Ill. 221; *Robbins* v. *J. W. Butler Paper Co.* (1886), 35 Ill. App.

512; *Harding* v. *Helmer* (1899), 86 Ill. App. 190. The appellee in this case appears either to have overlooked or ignored this rule. It must follow that its assignment of cross-errors in this appeal, for the reasons herein stated, is unauthorized and is, therefore, dismissed.

The only question remaining to be considered arises upon the assignment of errors by the appellant town of Windfall City, which alleges that the court erred in overruling 7. its demurrer to each paragraph of the complaint.

That neither of these paragraphs, under the facts therein averred, discloses any liability against said town is settled by repeated decisions of this court in cases arising out of public improvements under the statute here involved. *Quill* v. *City of Indianapolis* (1890), 124 Ind. 292, 7 L. R. A. 681; *Robinson* v. *City of Valparaiso* (1894), 136 Ind. 616; *Dowell* v. *Talbot Pav. Co.* (1894), 138 Ind. 674; *Porter* v. *City of Tipton* (1895), 141 Ind. 347; *City of Huntington* v. *Force* (1899), 152 Ind. 368.

Primarily, the town of Windfall City, under the statute in question, incurred no personal liability to the contractors to whom the work of making the improvement was let. It was merely an instrumentality of the law in initiating and carrying out the improvement, and in collecting the money upon the assessments made against property subject thereto for the payment of the expenses. Under the statute, the improvement bonds or certificates issued by it were not its personal obligations. *Quill* v. *City of Indianapolis, supra; Spidell* v. *Johnson* (1891), 128 Ind. 235.

The court erred in overruling the separate demurrer of appellant to each paragraph of the complaint; for which error the judgment against the town of Windfall City is reversed, and cause remanded, with instructions to the lower court to sustain said demurrer.

## ON PETITION FOR REHEARING.

JORDAN, J.—Appellee has petitioned for a rehearing in this appeal, on the grounds that the court erred: (1) In reversing the cause upon a question not controverted by any party to the appeal, and in not deciding the only question involved in the merits of the appeal; (2) in deciding that neither paragraph of the complaint, under the facts therein averred, discloses any liability against the town of Windfall City; (3) in not deciding any question raised upon the assignment of the cross-errors by appellee against the school town of Windfall City and the Wildcat school township of Tipton county.

In regard to the third ground assigned for a rehearing, the opinion of the court discloses that appellee's cross-errors were dismissed for the reason that they were unauthorized. But were it conceded that these alleged errors had been properly and regularly assigned, nevertheless appellee was not entitled to have them considered, and the liability of the school corporation's property in respect to the assessments, made against it for the street improvement, determined and decided, for the reason that its original brief contained no points and authorities relied upon for a reversal of the judgments in favor of the two school corporations. See rules twenty-two and twenty-three of this court.

The only references in appellee's original brief in regard to the cross-errors appear in the closing part of the argument, wherein it is said, in respect to the action of the lower court in sustaining the demurrers of the school corporations to each paragraph of the complaint: "The appellee has assigned cross-errors upon these rulings of the court. We do not insist upon these assignments of error, should the case be affirmed as to the town of Windfall City. * * * But if the court should be of the opinion that the assessments on the school property are valid and binding, and that by reason

of that fact the town is not liable upon the bonds, then we insist that the case, as to all of the parties, should be re° versed and sent back for further proceedings. * * * We only present these cross-errors in order to protect the rights of the plaintiff, should the court in any event come to the conclusion that the court below was in error."

Counsel, in their brief upon the petition for rehearing, further say: "As between the appellee and the town of Windfall City, our position is, and has been, that under the decisions and law of Indiana, no valid assessment could be made against the public property belonging to the school corporations; that the attempted assessment of the same was an absolute nullity; that the town had a right and was invested with the power to improve its streets in and about the public property, and if it contracted for such improvements and attempted to make assessments upon such property for payment of the same, such assessments being absolutely null and void, the town would be liable for the payment of the same."

Appellee's counsel further say that they do not controvert the decisions in the cases of *Quill v. City of Indianapolis* (1890), 124 Ind. 292, 7 L. R. A. 681; *Robinson v. City of Valparaiso* (1894), 136 Ind. 616, *Dowell v. Talbot Pav. Co.* (1894), 138 Ind. 675, *Porter v. City of Tipton* (1895), 141 Ind. 347, and *City of Huntington v. Force* (1899), 152 Ind. 368, cited in the original opinion, but they assert that their position or contention is, and has been, that in a case in which a municipal corporation, "having the power to improve its streets, enters into a contract by the terms of which the improvement is to be paid for by the bonds of the corporation, based upon the assessment to be made, and a bond is issued and based upon void and illegal assessments, and where by the terms of the bond the credit and faith of the municipal corporation is pledged for its payment, the corporation is liable upon the bond and the fact that it made a void assessment, which is uncollectible, is no defense in a suit upon the

bond." They further assert that "where a municipal corporation issues its bonds in the form and substance authorized by the law, in payment for improvement of streets which it has the power to improve and pay for out of general taxation, and where such bonds are payable out of the special fund created or to be created by the corporation by assessments against abutting property, the holder of the bonds would be entitled to recover on the face thereof upon the introduction of the bond, and the fact that the special fund out of which it is payable has not been accumulated would be a matter of defense by the town, and if such fund has not been created by a valid assessment against abutting property, such fact would be no defense. If the bonds are void by reason of the invalidity of assessment upon which they are based, then the town would be liable on the original contract, since it had not performed the same by creating a proper form and by issuing a valid bond thereon. The judgment would be supported by the original contract, the city or town being primarily liable on the contract."

While counsel for appellee concede that the decisions in *Quill* v. *City of Indianapolis, supra, Robinson* v. *City of Valparaiso, supra, Dowell* v. *Talbot Pav. Co., supra,* 7. *Porter* v. *City of Tipton, supra, and City of Huntington* v. *Force, supra,* are correct expositions of the law, nevertheless they seek to predicate a primary liability of the town, *in personam,* upon the mere fact that the assessments levied against the property of the school corporations as shown are invalid, and not legally collectible. It is manifest that counsel have overlooked the fact that the town, in entering upon and in carrying out the street improvement in question, was not proceeding under its general powers with which it was invested by the statute for the improvement of its streets by defraying the expenses of such improvement out of the general funds of the town's treasury.

In making the street improvement the town was exercising a special power or authority conferred upon it by the stat-

utes. It did not decide to exercise a general power and adopt the method of improving the streets by paying for the cost of the work out of its general funds. Of course it was, under the statute, within its discretionary power to adopt the latter method. It, however, entered into a contract with the contractors with an express reference therein to the source from which they were to receive their payment. The contract provided that the "town of Windfall City, by its board of trustees, the second party, agrees to pay in bonds issued as herein provided, unto the party of the first part (the contractors) the contract price as before stipulated when said work is completed; and, for the purpose of paying the same, said party of the second part will cause to be issued street improvement bonds as provided in section eight of the act of March 8, 1889 (Acts 1889, p. 237, §4296 Burns 1901), and the amendatory acts thereto, concerning street improvements, which bonds shall be accepted by the party of the first part in payment for said improvement," etc. The liability for the payment of the work, under the law, was primarily cast upon the abutting property of the taxing district, subject to and legally liable to be assessed to the amount of the special benefits which such property might derive by reason of the improvement.

The property of the school corporation did not, in a legal sense, constitute a part of the taxing district, because, under the law as it then existed, such property was not liable to be assessed for the improvement. Both the town, through its board of trustees, and also the contractors, were chargeable with notice that under the law the school property was not liable to be assessed for the street improvements. The contractors in entering into the contract were bound to know the limit of the power possessed by the town in the particular case, and the restrictions to which, under the law, it was subject. *City of Frankfort* v. *State, ex rel.* (1891), 128 Ind. 438; *Newman* v. *Sylvester* (1873), 42 Ind. 106; *Horter* v. *City of Philadelphia* (1883), 13 Weekly

Notes of Cases (Pa.) 40; 1 Dillon, Mun. Corp. (3d ed.), §447.

The fact that the school property was exempt from the assessment was in no manner due to any act of the town. The latter was not instrumental in preventing the assessment of the school property. Both parties, the town and the contractors, appear to have acted in the matter as though each believed that the latter property was liable to be assessed to the extent of the benefits accruing to it on account of the improvement. This was merely a mistake of law upon the part of each.

It is settled beyond further controversy that under the facts and the law applicable thereto, as it is recognized and held in this jurisdiction, there can be no enforceable liability against the town of Windfall City *in personam.* That the school corporations are not liable is conceded, and properly so, by appellee's counsel. The cases upon which the latter rely to sustain their contention in regard to the liability of the civil town—such as *Barber Asphalt Pav. Co.* v. *City of Harrisburg* (1894), 64 Fed. 283, 12 C. C. A. 100, 29 L. R. A. 401, as well as others cited—depend upon essentially different facts and different statutes from those involved in this case. Therefore they cannot be regarded as influential authorities. Appellee places much stress upon the stipulation in the improvement bond in suit, whereby it is declared that the credit and good faith of the town is "hereby pledged." This provision cannot be construed as binding the town to pay any portion of the cost of the improvement out of its general fund. Such a stipulation or provision in the bonds was unauthorized by the statute, and therefore may be said to be *ultra vires. City of Huntington* v. *Force, supra.*

The following cases support the view that the mere fact that the assessment against the school property proved to be invalid will not alone render the town impliedly liable for the payment of the deficit caused

by said assessment. *Horter* v. *City of Philadelphia, supra; Trustees, etc.,* v. *Hohn* (1884), 82 Ky. 1; *Casey* v. *City of Leavenworth* (1876), 17 Kan. 189.

The case of *Horter* v. *City of Philadelphia, supra,* is very much in point. The city of Philadelphia, in pursuance of an ordinance, contracted for the improvement of a certain street of that city. The contractor was to accept and receive assessment bills in payment of his work, and was to have no resort against the city. He performed the work, and secured an assessment bill against a certain cemetery company, which company, under its charter, was exempt from taxation. The contractor failed successfully to enforce his claim against said company, and thereupon instituted an action against the city to recover the value of the work which he had done in front of the cemetery. It was held by the court in that case that he was not entitled to recover. The court said: ''The plaintiff knew the restricted power of the city, and had the same knowledge it had of the legal invalidity of the particular assessment in question.''

It is true, as insisted by appellee's counsel in this case, that their client is entitled to the money unpaid for the services of the contractors, through whom it claims.

13. While we are not to be understood as in any manner intimating an opinion, or pointing out the methods which appellee might adopt for the purpose of securing its money, nevertheless in passing we may suggest the following methods: (1) The town of Windfall City might voluntarily, under and by virtue of section three of the Barrett law (§4290 Burns 1901, Acts 1889, p. 237), provided said section has not been repealed by subsequent legislation, order that the deficit created by reason of the invalid assessment against the school corporations' property be paid to appellee out of the general funds of the town; (2) the town of Windfall City, being in default in making a sufficient assessment of special benefits to defray the expenses of the street improvement, might, at the instance of appellee, be compelled to

make an additional assessment upon the property of the taxing district legally liable to be assessed for the improvement, provided the special benefits resulting to the abutting property will admit of such an additional assessment. In *Rogers* v. *Voorhees* (1890), 124 Ind. 469, the original assessments made for the construction of a public ditch proved to be inadequate. This court, in that case, held that an additional assessment might be made in the event the special benefits would admit of such an assessment.

Appellee, having advanced no sufficient reasons to entitle it to a rehearing, its petition is overruled.