ROTTGER, RECEIVER *v.* CITY OF UNION CITY.

[No. 15,104. Filed June 18, 1935. Rehearing denied October 18, 1935. Transfer denied February 3, 1936.]

*Henry M. Dowling* and *Joseph Collier,* for appellant.
*Russell E. Wise,* for appellee.

KIME, J.—This was an action by the receiver of the City Trust Company against the city of Union City, Indiana, seeking recovery upon three street improvement bonds issued by the said city.

The complaint alleged the legal existence of the plaintiff as well as his legal authority to bring such suit and by nine paragraphs of complaint sought recovery. The first three were predicated upon contract liability, the second three were based upon the city's negligence in the issuance of the bonds and the last three rest upon statutory responsibility of the city as trustee for the bond holders.

It appears from the allegations of the complaint that the city improved Division Street from Main Street to Chatham Street charging the cost thereof to the abutting property owners, and that it issued bonds in anticipation of the collection of such assessments (the bonds not being issued at the option of the contractor with coupons against each person's property as the first proviso provides in section 115 of Chapter 129 of the Acts of 1905), in the amount of Five Hundred ($500.00) Dollars each as by the Act provided, that some of the property which was lawfully and regularly assessed had not been affected by a waiver or promise to pay in ten annual installments but that such bonds were issued as if such waiver had been signed, and that the city knew or by the exercise of ordinary and reasonable diligence could have known that such waiver was not executed.

The bonds "expressly represented upon the face thereof that all acts, conditions and things required to be done under said Statute and acts amendatory thereof, precedent to and in the issuance of said bond had been properly done and regularly performed as required by law."

To this complaint and each paragraph thereof appellee, city of Union City, addressed a demurrer setting out as causes therefor (1) that neither paragraph states facts sufficient to constitute a cause of action; (2) that the court has no jurisdiction of the defendant or the subject matter of the action; (3) that plaintiff has not shown capacity to sue; and (4) that several causes are improperly joined. This was accompanied by a proper memorandum.

This demurrer was sustained and that is the error assigned here. The appellant stood upon the complaint and refused to plead further, whereupon judgment was rendered that he take nothing by his complaint.

It has been the law since 1890 when the Act was first passed upon, that "the city is in no way liable for the payment of the bonds except out of the special fund to be accumulated from the assessments made against the property benefited." *Quill* v. *City of Indianapolis* (1890), 124 Ind. 292, 298, 23 N. E. 788. This has been reiterated several times in *The City of New Albany* v. *McCulloch* (1891), 127 Ind. 500, 26 N. E. 1074; *Robinson* v. *The City of Valparaiso* (1891), 136 Ind. 616, 36 N. E. 644; *Town of Windfall* v. *First National Bank of Newcastle* (1909), 172 Ind. 679, 87 N. E. 984, 89 N. E. 311; and *City of Indianapolis* v. *Robison* (1917), 186 Ind. 660, 117 N. E. 861.

The ruling of the trial court was correct. There being no reversible error the judgment is affirmed.