ELLEN E. MONTGOMERY v. CHARLES F. ALLEN.

*Evidence—Offers of compromise.*

Offers of compromise cannot be considered as an admission of liability.

Error to Wayne. (Gartner, J.) Argued January 16, 1891. Decided February 27, 1891.

Negligence case. Defendant brings error. Reversed.

---

The facts necessary to a decision of the case are stated in the opinion.

*Brennan & Donnelly*, for appellant.

*W. W. Chapin*, for plaintiff.

GRANT, J. This is an action to recover damages for the alleged negligence of the defendant in driving his carriage into and against the carriage in which plaintiff and another were riding.

Plaintiff, upon cross-examination, testified that one Dr. Dakin attended her and prescribed for her. On redirect examination she testified, without objection, that Dr. Dakin told her he was sent by Mrs. Allen, the wife of defendant, to settle with her; and that he made an offer of compromise. Dr. Dakin was called as a witness for defendant, and testified that he told plaintiff that he had advised Mrs. Allen to settle the matter up. Counsel for defendant then moved to strike out all the evidence in regard to this compromise. The circuit court denied the motion. In its charge to the jury the court said:

" There was some testimony in regard to an offer of compromise. As far as that question is concerned, as to Dr. Dakin being authorized by the defendant to make an offer, that cannot form the basis of an action. Of course, you have a right to consider that with all the other testimony in the case."

This evidence was wholly incompetent. Offers of compromise cannot be considered as an admission of liability. The court should have excluded this testimony from the consideration of the jury.

For this error judgment must be reversed, and a new trial ordered, with the costs of this Court.

The other Justices concurred.