MEADE *v.* DETROIT, JACKSON & CHICAGO RAILWAY.

1. EVIDENCE—HEARSAY.
   Testimony that a witness heard plaintiff, a conductor of defendant's car, repeat to the train dispatcher of defendant, over the telephone, an order just given to plaintiff to meet another car at a specified point, was not objectionable as hearsay, in a personal injury case, in which plaintiff claimed that he was negligently ordered to meet the other car at the wrong place and a collision resulted from the mistake.

2. APPEAL AND ERROR—NECESSITY OF EXCEPTION—ARGUMENT.
A judgment will not be reversed for alleged improper argu-
ment of plaintiff's counsel, on a record which does not show
that the objection was raised at the trial.

Error to Washtenaw; Kinne, J. Submitted February
16, 1911. (Docket No. 47.) Decided May 8, 1911.

Case by George H. Meade against the Detroit, Jackson
& Chicago Railway for personal injuries. Judgment for
plaintiff. Defendant brings error. Affirmed.

*M. J. Cavanaugh* and *George J. Burke*, for appellant.

*John P. Kirk* and *Arthur Brown*, for appellee.

McALVAY, J. This is a personal injury case in which
plaintiff recovered a judgment against defendant upon
the verdict of a jury.

The statement of facts and claims of the parties pre-
sented in appellant's brief is as follows:

"Claim of plaintiff may be briefly stated as follows:
That on the 28th day of April, 1908, the defendant was
operating a line of interurban cars east and west from the
city of Detroit to the city of Jackson, over its line of rail-
way, passing through the cities of Wayne, Ypsilanti, and
Ann Arbor; that on said line of railway, about two miles
east of Ypsilanti, was located a switch known as Harris,
and about a mile and a half east of Harris a switch known
as Burrell, and about a mile east of Burrell a switch
known as Smith, at which said switches its cars going east
passed those going west; that on said day the plaintiff,
George H. Meade, was in the employ of the defendant as
conductor on one of its said interurban cars known as No.
103, and was running the same over its said line from said
city of Jackson to said city of Detroit; that said line of
railway consisted of a single track; that on said day one
L. A. Harrington was in the employ of the defendant as
its train dispatcher, located at Ypsilanti, and as such di-
rected the movement of such cars as were not running up-
on scheduled time; that on said day one George Cullom
was in the employ of defendant as conductor of one of its
cars, known as No. 44, and was engaged in running the

same from Detroit west to Jackson; that one Isa Fay was in the employ of defendant as a motorman of said car 103 under charge of plaintiff, and one George Wingrove was in the employ of defendant as motorman of said car No. 44 in charge of said Cullom; that between said switch known as Burrell's switch and said switch known as Smith's switch a head-on collision took place between said car No. 103 going east, in charge of said plaintiff, and said car No. 44 going west, in charge of said Cullom; that as a result of said collision said plaintiff was injured; that the cause of said collision was the negligence of said Harrington, said train dispatcher of defendant, in directing said plaintiff to run his car from Ypsilanti to said Smith's switch, and omitting to direct said Cullom to hold his said car at said Smith's switch until plaintiff's car had passed said switch.

"The claim of defendant may be briefly stated as follows: That said Harrington did not direct plaintiff to run his car to Smith's switch; but, on the contrary, cautioned plaintiff at Ypsilanti to remember said car No. 44 at Harris' switch, and directed him when he reached the latter place to call up the dispatcher for further orders; that plaintiff's injury was due to the negligence of himself, or that of his fellow-servants, Cullom, Wingrove, or Fay."

Plaintiff accepts these statements, with the addition that train No. 103 was known as a limited, while train No. 44 was known as a local, and that motorman Fay is sometimes called Pretchett in the record. This accident occurred east from Ypsilanti, at which place plaintiff reported, and a running order was given to him. The dispute in the case between plaintiff and defendant is whether the order actually given was to meet No. 44 at Harris' switch, as the train dispatcher claims, or, as plaintiff claims, at Smith's switch, some miles further east. A new train schedule had gone into effect on the day of the accident.

The errors assigned and relied upon relate, first, to the admission of the testimony of Mrs. Bassett, a witness for plaintiff, who was allowed to testify as to what she heard on the day in question, when plaintiff and Fay, the motor-

man, were in the telephone booth, reporting and receiving orders from the train dispatcher. The telephone used by the railway company was in a booth separated from her place of business by a board partition. Her testimony was that she saw this car come in on that day from the west, and saw the plaintiff and the motorman go to the booth. She was sitting about four feet from the booth and heard what was said. She testified that it was the custom of the conductors to always repeat back the orders that were given, so that the motorman could hear. She was asked to state what she heard plaintiff say over the telephone relative to his orders, and defendant objected to any such testimony as incompetent and hearsay. The court overruled the objection and witness testified: "Meet at Smith's." This was all that she remembered. She heard of the accident not more than half an hour after plaintiff was in the booth.

There is no dispute between the parties as to the method of giving train orders by telephone. Mr. Harrington, the train dispatcher, described in detail how orders were given by him to conductors and repeated back to him, and that they were written down by his assistants, in his presence, just as he gave them. This witness was not undertaking to testify as to a statement made by Harrington, the train dispatcher, to the plaintiff. She was testifying as to what plaintiff said while in the telephone booth. That a conversation between plaintiff and the officer of defendant was had at the time and place is undisputed. Mr. Harrington gave an order to plaintiff, which, according to rule, was repeated back to him by plaintiff, and then Harrington called " correct," which was repeated by plaintiff.

Defendant had provided a method of giving orders by telephone and with witnesses at each end of the line to verify such orders. The scheme of such operations of trains would miscarry if the safeguarding by witnesses were eliminated. This was the theory of the defendant. The train dispatcher and his assistants were sworn to sus-

tain the defendant's contention as to the order given. Both assistants testified what was said by him over the wire to plaintiff. It cannot be contended that the motorman, Fay, could not have testified. The system adopted had made these parties all witnesses to the transaction, and their testimony is admissible, not as to declarations made by the parties as part of the *res gestœ*, but necessarily as part of the transaction itself. We know of no rule of evidence which would make the assistants and motorman competent to testify and exclude others who had also heard one end of the conversation. This testimony was not hearsay and was admissible.

The defendant further assigns error based upon improper argument by counsel for plaintiff to the jury. The record does not show that the matter was called to the attention of the court and that it was passed upon. It is the duty of counsel to make such a record as will show that the objection made to arguments of counsel was passed upon by the court.

The judgment of the circuit court is affirmed.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.