## CRANE *v.* ROSS.

1. EVIDENCE—PAROL TESTIMONY—CONTRACT IN WRITING—BROKERS—EXCHANGE OF LANDS.

    Since parol evidence tending to contradict the terms of a written instrument is incompetent, defendant was erroneously permitted to show, in a suit by a broker for commissions in effecting exchange of real estate, that a contract in writing between defendant and a purchaser secured by the broker, was not a final agreement.

2. SAME—COMPROMISE AND SETTLEMENT—OFFER TO ADJUST.

    An offer of defendant to pay plaintiff a certain amount in settlement of the brokerage commissions was incorrectly admitted and constituted prejudicial error when it appeared that a verdict for the exact amount of the offer was rendered without other evidence to sustain it.

3. SAME—TRIAL—ARGUMENT OF COUNSEL—POVERTY OF DEFENDANT—SYMPATHY.

    Testimony that defendant's property was covered by a heavy mortgage indebtedness, accompanied by reference on the

part of his attorney to the fact for the purpose of arousing sympathy of the jury, was prejudicial.

4. TRIAL—ARGUMENT — SAVING QUESTIONS FOR REVIEW — EXCEP-
TIONS.

Exceptions to argument of counsel made without calling on the trial court for a ruling thereon are not reviewable.

5. BROKERS—JOINT DEFENDANTS — HUSBAND AND WIFE — DIRECT-
ING VERDICT.

Testimony having a tendency to show that a wife knew that her husband assumed to act for her in placing property of the wife in a broker's hands and acquiesced in the arrangement, and was shown a copy of the contract of exchange finally entered into with a purchaser, required the submission to the jury of her liability for commissions.

Error to Washtenaw; Kinne, J. Submitted December 11, 1911. (Docket No. 37.) Decided March 12, 1912.

Assumpsit by George C. Crane against George A. Ross and Mildred E. Ross for broker's commissions. A judgment for plaintiff against defendant George A. Ross for less than the amount claimed, and for defendant Mildred E. Ross on a directed verdict, is reviewed by plaintiff on writ of error. Reversed.

*Frank A. Stivers*, for appellant.

*Arthur Brown*, for appellees.

STONE, J. This is an action of assumpsit to recover certain commissions claimed to be due the plaintiff from the defendants in effecting an agreement for an exchange of real estate. The defendants are husband and wife. The lands which the plaintiff claims he was to dispose of for the defendants belonged to Mildred E. Ross, and were located in St. Clair county. The parties to this suit all resided in Ann Arbor, where the defendant George A. Ross was a student in the University of Michigan.

It is the claim of the plaintiff that the lands to be disposed of for the defendants were of the value of $11,000, and that his commission for effecting an exchange was to

be 2 per cent. of the value; that the prospective pur-
chaser was a Mr. Youngs of Toledo, Ohio; that plaintiff
and defendant George A. Ross made two trips to Toledo
to see Mr. Youngs, and that Mr. Youngs went with the
plaintiff and defendants to St. Clair county, and exam-
ined the Michigan lands proposed to be exchanged for
property in and near Toledo. It is the further claim that
the plaintiff and defendant George A. Ross, after previ-
ous negotiations, went to Toledo on Sunday, October 11,
1908, and that the plaintiff there brought about, and was
instrumental in effecting an agreement in writing between
defendant Mildred E. Ross and Frank O. Youngs, which
agreement was as follows:

"This contract made between Mildred F. Ross, of Ann
Arbor, Mich., party of the first part, and Frank O.
Youngs, of Toledo, Ohio, party of the second part, on
October 11, 1908, to bind both first and second parties in
the sale of certain prescribed lands in Michigan, St. Clair
County, Lynn township, owned by party of the first part.
East half southwest quarter section 20–9–13, 80 acres.
Southeast quarter, section 20–8–13, 160 acres. East half
northwest quarter, section 20–8–13, 80 acres. West half
of west quarter, section 20–8–13, 80 acres. Northwest
quarter, section 32–8–13, 160 acres. Five hundred sixty
acres more or less. Party of the first part agrees to sur-
render abstracts for above described lands for the consid-
eration of the following pieces or parcels of land, and the
sum herein described on condition also to be described.
One house and lot 160 Potter's addition. No. 440 St.
Louis St., Toledo, Ohio. Encumbrance of $500 (five hun-
dred dollars). Northwest quarter, section 19, range 9,
twp. 7, Swanton twp. Northeast quarter, section 19,
range 9, twp. 7, Swanton twp. Eighty acres more or less.
One hundred and fifty $150 enc. Second party agrees to
surrender all abstracts and titles for both properties and
in addition the sum of $3,650.00, three thousand six hun-
dred and fifty dollars. The transfer to be made under
the following conditions. To take place April 1, 1909 or
thereabouts. First party agrees to let the money $3,650.00
three thousand six hundred and fifty and 00–100 on notes
secured by mtg. at 5 per cent. interest one thousand dollar
$1,000 notes. To read payable on or before three years

168 MICH.—40.

from date, April 1, 1909, second party must then pay at this time (three years) at the rate of one thousand dollars or more each year until fully paid. Then seed and labor to be settled by the vacator.

"F. O. YOUNGS.
"MILDRED F. ROSS.
"Per G. A. Ross."

The declaration in the case consisted of three counts. In the first count the material allegations are, in substance, that the defendants employed the plaintiff to procure a purchaser for, or to negotiate an exchange of, certain lands belonging to defendant Mildred E. Ross, and promised to pay him therefor $220; that, in consideration thereof, the plaintiff did procure such purchaser, and did negotiate a sale and exchange of said property for certain lands in the State of Ohio belonging to one Mina Youngs; and that defendants are indebted to plaintiff for said commissions. In the second count the material allegations are the same as those contained in the first count, except that, in addition, defendant George A. Ross is alleged to be the husband and agent of the defendant Mildred E. Ross, and that defendants promised to pay plaintiff for his services the usual and customary commissions in such cases, the same being 2 per cent. upon $11,000, the agreed valuation of the property to be exchanged. The third count is in the usual form of the consolidated common counts in assumpsit.

To this declaration the defendants pleaded the general issue, and gave notice thereunder that if plaintiff acted as agent or broker of defendants, or either of them, for the sale or exchange of any property, the efforts of plaintiff amounted to nothing more than the making of the contract between F. O. Youngs and said defendants, or one of them, and that said contract was made on Sunday, October 11, 1908, and was therefore wholly void, and that the same was never thereafter ratified or affirmed by either of said defendants, that Mildred E. Ross was a married woman, and that said contract was not made in respect to

her separate estate or property, and that the plaintiff was the agent of the said Youngs, which fact he did not disclose to the defendants. At the close of the testimony the trial court directed a verdict in favor of the defendant Mildred E. Ross, and permitted the case to go to the jury as to the defendant George A. Ross, which resulted in a verdict and judgment for the plaintiff against George A. Ross alone for $25.

There is great conflict in the testimony, the parties being far apart in their claims as to what the real transaction was between them. The plaintiff has brought the case into this court and has assigned numerous errors; a part of them only being discussed by appellant.

The following testimony in the examination of the defendant George A. Ross, in his own behalf, is made the basis of the third, fifth, and seventh assignments of error:

"*Q.* At the time that you drew up this memorandum or agreement (being the agreement heretofore set forth), did you understand that you were making an agreement upon which final action was to be taken, that you were making something that was final and binding upon both parties?

"*Mr. Stivers:* I object; that is calling for a conclusion. What was done is competent, and not what was in his mind, what his understanding was.

"*Mr. Brown:* I don't want his opinion, but what he intended.

"*Q.* Was it understood between you that you were ultimately going to trade places on the basis of that memorandum?

"*Mr. Stivers:* Witness can testify to what was said and done, but not to any understanding about it.

"*The Court:* There may be some doubt about it. I am disposed to allow him to state whether he regarded that as the terms upon which they were to deal. I think he may answer.

"(Exception for plaintiff.)

"*Q.* Did you understand at that time that this little memorandum consisted of all the terms upon which you were to exchange your properties?

"*Mr. Stivers:* The same objection. It is incompetent and immaterial.

"*Q.* Did it contain the elements of the transfer?

"*A.* No.

"*Mr. Stivers:* I move to strike out the answer because it is a conclusion of the witness and is not the best evidence of what happened there.

"*The Court:* I think he may state the entire transaction, and, if it was not all embodied in the writing, he can show what was left out.

"(Exception for plaintiff.)

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"*Q.* Did the time ever come in your negotiations with Mr. Youngs when you and Mr. Youngs were agreed upon the terms of the transfer?

"*Mr. Stivers:* The same objection. That is a conclusion for the court and jury. I have no objection to any conversation or transaction, but I do object to the conclusion of the witness.

"*The Court:* I think he can state whether they ever reached an agreement.

"*A.* No; we never reached a final agreement.

"*Q.* Did Mr. Youngs and Mrs. Ross and her mother ever come to a final agreement about the transfer of that property?

"(The same objection and ruling as above.)

"*A.* No, sir.

"*Q.* In this letter of January 17, 1909, what does he mean when he (Youngs) says he is glad to know you are not willing to foreclose on the tenant?

"*Mr. Stivers*: I object. It is incompetent, immaterial, and irrelevant.

"*The Court*: He can state what he had reference to.

"(Exception for plaintiff.)

"*Q.* What had he reference to?

"*A.* Mrs. Ross holds a mortgage of I think $270.

"*Q.* On his personal property?

"*A.* Yes."

This related to a mortgage held by Mrs. Ross upon some personal property of the tenant in possession of some of Mrs. Ross' lands in question.

"*Q.* I ask you again whether you and Mr. Youngs ever came to a final agreement about that trade and exchange of these parcels?

"*A.* No; we did not.

"*Mr. Stivers:* I object. It is immaterial, and calls

for a conclusion. It has been gone over once. I move to strike out the answer.

" *The Court:* I deny the motion.

" (Exception for plaintiff. )"

The following testimony is made the basis of the fourth assignment of error. It appears in the testimony of the same witness in which he is testifying of the plaintiff, as follows:

"All he was doing was puttering around on a 10-acre lot up there, and he was not doing much of anything that I could see, so I figured up what his expenses would be, and it came to approximately $10 even for the day he went down to Toledo on his own business, as he reported to me that day he went up to Imlay City, and Sunday he went to Toledo again. I figured that about $5 a day, that made $25. I deposited $25 in the bank, and notified Mr. Stivers if Mr. Crane wished to accept it that it was there for him, but he refused it.

"*Q.* That was after the suit had been commenced ?

"*A.* Yes.

"*Q.* And you did that for the purpose of compromising the matter ?

"*A.* Certainly.

"*Q.* You expected if he took that, it would prevent litigation, did you ?

"*Mr. Stivers:* That calls for a conclusion.

"*The Court:* He can state why he made the tender.

"*Q.* You gave him a written notice at that time, didn't you ?

"*A.* Yes.

"*Q.* And in that written notice you stated in terms what it was for ?

"*A.* Yes, sir.

"*Mr. Brown:* Will you give us that written notice ?

"*A.* I gave that money to Mr. Brown, and he put it in the bank and sent notice to Mr. Stivers.

"*Mr. Stivers:* I object to any further testimony on that. It is immaterial.

"(Objection overruled. Exception for plaintiff.)

"*Q.* I show you paper marked ' Exhibit D,' and ask whether that is the notice ?

"*A.* Yes, sir.

"*Mr. Brown:* I offer that in evidence.

"*Mr. Stivers:* I object. It is incompetent and imma-

terial, and a transaction that occurred after the commencement of suit and was an effort to compromise, and it is not competent. I withdraw the statement that suit had been commenced, but I object upon the ground that it was an effort at compromise, and as not tending to prove or disprove the claim of the plaintiff."

Exhibit D was read against the objection. Exception for plaintiff. Exhibit D was as follows:

"ANN ARBOR, MICH., January 29, 1909.
"To MR. FRANK A. STIVERS:
   "Dear Sir:
   "In the matter of the claim of George Crane against George Ross, I have to inform you that Mr. Ross has caused to be delivered to Michael J. Fritz, a check for the sum of $25.00, to be delivered to you as attorney for Mr. Crane, or to Mr. Crane himself, when either of you deliver to him a receipt in full of all demands against Mr. Ross or any of his family. Mr. Ross does not recognize any claim of Mr. Crane in making this tender, but does so with the view to avoid any trouble with Mr. Crane.
                       "Truly yours,
                          "HORATIO J. ABBOTT,
                             "For Mr. Ross and Family."

The following testimony of defendant George A. Ross upon his direct examination is made the basis of the sixth assignment of error:

"Q. Something was said about the title to that property up there that you speak of. Is the property that you referred to up in the northern part of the State free from incumbrance, or is it heavily mortgaged?
   "Mr. Stivers: I object. It is immaterial.
   "The Court: Is that important?
   "Mr. Brown: Yes. They have brought out that there was a vast amount of property up there. That was to get before the jury, and give the impression that these people were wealthy, and it is to counteract that.
   "Mr. Stivers: I take exception to that.
   "The Court: We will take the answer.
   "(Exception for plaintiff.)
   "A. It is heavily incumbered. Mrs. Ross has all the details of it. I know it amounts to thousands of dollars, something like $10,000. I do not know the exact figures."

The tenth assignment of error is to the effect that there was prejudicial error in the argument of defendants' counsel to the jury, and that the court erred in not correcting the error after plaintiff's exception to same.

The ninth and eleventh assignments of error are to the effect that the court erred in directing a verdict for defendant Mildred E. Ross.

1. We shall consider together, as counsel have argued them, the third, fifth and seventh assignments of error. There was no claim on the part of the defendant George A. Ross that the agreement made at Toledo, Ohio, as above set forth, was not a completed instrument and delivered to Mr. Youngs; for he testified that he himself carried a copy of it home, and showed it to his wife. We think that the testimony of this defendant here complained of was objectionable, in that he undertook to give the meaning and effect of this agreement, and to show that the minds of the parties had not met. This is not a suit to correct the instrument. We think the paper should have been permitted to speak for itself, and that that portion of the testimony here objected to was incompetent; and, further, it called for the conclusion of the witness, and was an effort by parol testimony to alter and change the terms of the written document. We are of opinion that the court erred in admitting this testimony. It was an effort on the part of the witness to give his opinion as to his legal liability under the contract, an opinion with which the jury had no concern. *First Nat. Bank of Sturgis* v. *Reed,* 36 Mich. 263–266; *Zube* v. *Weber,* 67 Mich. 52 (34 N. W. 264); *Althouse* v. *McMillan,* 132 Mich. 145 (92 N. W. 941). Were this the only error in the record, we should not think it our duty to reverse the judgment.

2. Coming to the fourth assignment of error, it appears that the defendant George A. Ross was permitted to testify as to his proposal to compromise with the plaintiff for $25; and against the objection and exception of the plaintiff the written offer of defendant's agent to this effect

was introduced in evidence. By reason of counsel not having complied with the rules of this court in giving the date of the filing of the declaration, we are unable to say from the record whether this letter was written before or after commencement of suit. In either case we think it was objectionable. It is worthy of note that the amount offered in this letter was the amount of the verdict of the jury. Aside from this testimony, there is nothing in the record to indicate the basis for the verdict of the jury as a suitable measure of damages. This court has repeatedly held that the admission in evidence of such attempts to compromise a suit is reversible error, and we think in this case that it was prejudicial error. *Chandler* v. *Allison*, 10 Mich. 460; *Montgomery* v. *Allen*, 84 Mich. 656 (48 N. W. 153); *Fox* v. *Barrett's Estate*, 117 Mich. 162 (75 N. W. 440); *Walbridge* v. *Barrett*, 118 Mich. 433 (76 N. W. 973); *Musselman Grocer Co.* v. *Casler*, 138 Mich. 24 (100 N. W. 997).

3. The sixth assignment of error is based upon the ruling of the court in permitting defendant George A. Ross to testify to facts disclosing a large indebtedness of the defendants, and also for what is claimed to be a prejudicial remark of defendants' counsel in reference thereto. We are clearly of the opinion that this testimony was immaterial and irrelevant to the issue. Its tendency was to arouse sympathy in the minds of the jury, especially in connection with the remarks of counsel, and we think the court erred in admitting it.

4. The tenth assignment of error relates to certain alleged prejudicial argument of defendants' counsel in addressing the jury. Counsel for plaintiff contented himself with taking exceptions to particular portions of the argument of defendants' counsel without asking for, or obtaining, a ruling thereon by the court. Under repeated rulings of this court, such exceptions cannot be considered. In the late case of *People* v. *Sartori*, *ante*, 308 (134 N. W. 200), the more recent decisions of this court upon this subject have been collected. We have examined the

record with care upon this matter, and it appears that plaintiff's counsel made no request of the court to restrain counsel; did not ask the court in any way to advise the jury as to the claimed impropriety of the language, or to direct their attention to the fact that the language was not justified. No request was made that counsel be reprimanded by the court, or that the remarks complained of should be stricken from the consideration of the jury. Clearly, under such circumstances, the exceptions cannot be considered.

The only remaining assignments of error argued by counsel for appellant in his brief are the ninth and eleventh, which relate to the direction of the verdict for the defendant Mildred E. Ross. After a careful reading of this record, we have reached the conclusion that there was evidence tending to show that defendant Mildred E. Ross had knowledge of the agreement between George A. Ross, her husband, and the plaintiff relating to the sale or exchange of her property, and that she acquiesced therein, and that her husband had assumed to act for her respecting her property, with her knowledge and consent. The evidence was undisputed that she knew of the making of the Toledo contract, and that her husband had shown her a copy of it. This being so, we are of opinion that the court erred in directing a verdict in her favor. The case should have been submitted to the jury as to both defendants.

For the errors pointed out, the judgment of the circuit court is reversed, and a new trial granted.

MOORE C. J., and STEERE, BROOKE, and OSTRANDER, JJ., concurred.