### B. MARX & SON *v.* KING.

1. CONTRACTS—EVIDENCE—SALES.
    Evidence, in an action for the purchase price of goods, considered and *held*, to present a question for the jury whether plaintiffs ratified the contract for discounts made by their agent and salesman as claimed by defendant.
2. TRIAL—OPENING STATEMENT—CONDUCT OF COUNSEL.
    That the attorney for defendant referred in his opening

statement to incompetent evidence was not ground for reversal where the court excluded certain claims made by counsel and cautioned the jury to disregard anything that the evidence to be received did not sustain.

3. SAME—EVIDENCE—CROSS-EXAMINATION.

Although affirmative proof of dealings of similar character to those in dispute was inadmissible under a previous ruling of this court in the cause, defendant was not precluded from questioning one of the plaintiffs, on cross-examination, concerning the discounts that he allowed other purchasers.

4. SAME—CONSPIRACY—GOOD FAITH—CROSS-EXAMINATION.·

And upon his cross-examination, the court properly allowed an inquiry whether the plaintiffs had ever called upon the surety company, which indemnified them against loss through wrongful acts of their servants who were claimed to have conspired together to allow unauthorized discounts, to reimburse them for the losses by such claimed fraud; the inquiry had a bearing upon plaintiffs' good faith.

5. SAME—WITNESSES.

Nor was it error to permit defendant's counsel to interrogate the witness with reference to their insolvency and good faith in transferring their assets to a corporation bearing the name of the insolvent partnership.

6. SAME—ARGUMENT—APPEAL AND ERROR.

Comments made by defendant's attorney which the court held to be improper and ˙duly corrected, were not ground for reversal: and as to matters not brought to the attention of the trial judge by request for a ruling, they are not subject to review on error.

Error to Washtenaw; Kinne, J. Submitted October 9, 1912. (Docket No. 13.) Decided December 20, 1913.

Assumpsit by Jacob L. Marx and Eugene H. Kopple, copartners, as B. Marx & Son, against Johanna King, executrix of the estate of Joseph King, deceased, for goods sold to decedent. Judgment for defendant. Plaintiffs bring error. Affirmed.

*Bernard B. Selling,* for appellant.

*John P. Kirk (M. J. Cavanaugh,* of counsel), for appellee.

BIRD, J. This is a controversy between plaintiffs, who were wholesalers of leather good and furnishings in the city of Detroit, and one of their customers who carried on business in Ypsilanti. They dealt with each other for several years without serious disagreement, until the present controversy arose over the allowance of certain discounts which defendant King claimed he was entitled to under an agreement with their agent Berger, and which was subsequently ratified by Mr. Marx, one of the plaintiffs. In July, 1906, the defendant expanded his business by jobbing some goods in connection with his retail business. This change increased the size of his orders, and in consequence thereof he demanded a larger discount from Berger, the agent who sold him the goods. It is claimed Berger conceded the discounts. The invoices, however, did not show them as agreed upon, and defendant, by one of his clerks, called plaintiff Marx on the phone and made the inquiry why the discounts did not show upon the invoices. Marx replied that King and Berger had an understanding and directed him to settle with Berger, and it would be all right. Plaintiff Marx denies this conversation, and denies that Berger had authority to allow the discounts claimed, and denies that he ever ratified any arrangement made with Berger for discounts. If defendant was right in his contention, he is entitled to the verdict which was rendered. On the other hand, if the plaintiff Marx's version of the matter is true, that he never authorized the discounts and never ratified any agreements of Berger allowing them, the plaintiffs are entitled to recover a considerably larger sum. This question was the "storm center" around which gathered most of the testimony in the case. On

a former trial, a jury found with the defendant. For errors in the admission of testimony the judgment was reversed by this court. 162 Mich. 258 (127 N. W. 341). The case has been retried with a like result, and plaintiffs again complain of errors in the trial court.

1. Plaintiffs made ·a motion for a new trial, alleging, among other things, that the verdict was against the weight of the evidence. This motion was denied, and the denial of it is made the basis for an assignment of error. In the former opinion of this court, the same question was raised, and the testimony was held to present a question for the jury. It is pointed out, however, by counsel, that the plaintiffs' case was very much strengthened on the second trial by additional testimony, and this testimony is referred to in detail. The most that can be said for the additional testimony is that it lent credence to plaintiffs' contention that Marx had no such conversation over the phone as claimed by defendant, and at the same time made defendant's claim less tenable. But we are of the opinion that the additions to the testimony did not so change the situation as to remove the question from the domain of fact. It was still a question for the jury, as there was conflicting testimony which, if believed, would justify the verdict. It follows from this conclusion that the court was not in error in refusing to direct a verdict for the plaintiffs, as requested.

2. Complaint is made that, in opening defendant's case to the jury, his counsel transgressed the holding of this court in its former opinion. On the first trial, in an attempt to establish authority of the agent Berger to allow the discounts claimed by defendant, proof of similar dealings with other customers was offered and received in evidence. This court held the admission of such evidence reversible error · for the reason that the dealings with other customers were unknown to defendant at the time of his dealings with

plaintiffs. Defendant's counsel, in his opening statement, made reference to some of this testimony, which was evidently inadmissible under the ruling of the court. The trial court excluded many of the statements made and cautioned the jury as follows:

"I am not disposed to abridge the opening of counsel. I only say to the jury now that the object of an opening is to advise you of the general nature of the case, and when you come to determine your verdict you will be controlled by the evidence, which may not bear out the statements of counsel; if it does not, it will be your duty to disregard the opening of counsel as far as it fails to be supported by the evidence."

We are of the opinion that this instruction to the jury neutralized any prejudicial effect the improper statements may have had on plaintiffs' case. In determining these matters we cannot assume that a jury of average intelligence accepted the improper statements of counsel rather than the positive instructions of the court.

3. Several objections are made to the cross-examination of plaintiff Marx. He was interrogated as to his allowing discounts to other creditors similar to those claimed by defendant. It is urged that this line of interrogation was within the prohibited ruling of this court. We think not. The ruling of this court was directed to the affirmative proof of such dealings by third parties. It does not follow from this ruling that defendant would be precluded from questioning the plaintiff himself about such dealings, as it might have an important bearing upon his credibility.

3a. Upon cross-examination the witness Marx was also directed by the court to make answer to an inquiry as to whether he had ever called upon the surety company to make good the money his firm had lost through the peculations of Berger and French. The testimony showed that the firm had lost a considerable amount of money as the result of a conspiracy

between the bookkeeper, French, and the traveling man, Berger, and that French was a bonded employee. The declaration in the case charged the defendant, King, with being in a conspiracy with French and Berger to defraud the plaintiffs by the allowance of unauthorized discounts. In view of the charge of conspiracy, the inquiry was a proper one. In answer to the inquiry, the witness admitted that no demand had been made on the surety company. This developed a situation which, unless fairly explained, would have a material bearing upon the good faith and credibility of the plaintiff in making the charge of conspiracy in this suit.

3*b*. It appeared that since the first trial the copartnership of Marx & Son had been declared a bankrupt, and a composition had been made with their creditors, and that the assets of the firm had been transferred to a corporation bearing the same name. It further appeared that the same parties were in control of the corporation and that the corporation was the real plaintiff in the case. The witness Marx was cross-examined as to these matters, and his good faith questioned over counsel's objection. It was clearly within the discretion of the trial court to allow the witness to be interrogated in relation to these matters, as they bore more or less upon his credibility.

4. Error is assigned on the improper argument of counsel to the jury. Upon the cross-examination of plaintiff Marx, his attention was directed to a paper for the purpose of refreshing his recollection. It failed of its purpose and was not offered in evidence. Upon the argument, defendant's counsel began to comment on the fact that Marx did not recollect a certain fact after having his recollection refreshed by the paper. Objection was made to this line of argument, and the trial judge promptly stated that comment ought not to be made concerning a paper that was not offered in evidence. Following this ruling,

defendant's counsel endeavored to show the court that it was a proper argument; but the court again announced that it was improper argument and ordered counsel to pass it. We see nothing in the incident which should have seriously affected plaintiff's case. Whatever harm may have resulted from the improper argument was cured by the ruling of the court.

4a. Further exception is taken to the argument of Mr. Cavanaugh, in commenting upon the veracity of the witness Nebel. An exception was taken to the argument, but no ruling appears to have been requested of or made by the trial court. Under the rule, this assignment is not in a position to be reviewed. *Crane* v. *Ross,* 168 Mich. 623 (135 N. W. 83).

Many exceptions are taken to the charge of the court. The charge of the court on the second trial was substantially the same as on the first trial, save the modifications made necessary by the holding of this court. We have examined the charge in connection with the assignments and find no reversible error in it.

The judgment of the trial court is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.