SPENCER v. JOHNSON.

1. INTOXICATING LIQUORS — CIVIL-DAMAGE ACTION — DAMAGES — HUSBAND AND WIFE—SERVICES FOR NURSING—RECOVERY.

In an action by a wife against retail liquor dealers for injury to person, property, means of support, or otherwise (2 Comp. Laws, § 5398; 2 How. Stat. [2d Ed.] § 5074), the wife is entitled to recover the value of her services in nursing her husband who suffered injuries during a fit of intoxication.

2. NEW TRIAL—JURY—SEPARATION OF JURY—MOTIONS.

As ground for a motion for a new trial, affidavits showing that, after the jury had retired in the evening to consider their verdict, one of the members of the panel became seriously ill and by order of the court was removed from the jury room to the room of the circuit judge, where there was a couch and where he was attended by a physician in the presence of the judge, being returned to the jury room for a short period thereafter, and being taken again to the judge's room, apart from the remainder of the jury, for a short time the next day, in the absence of any claim that any of the jury were subjected to improper influence, did not establish any prejudicial error and warranted the circuit judge in denying a new trial. The mere fact of separation from the jury for a short period of time without evidence of some abuse or misconduct is not ordinarily, in civil cases, sufficient reason for setting aside a verdict and judgment.

3. SAME—TRIAL.

While the defendant was entitled to the participation of all of the members of the jury in the deliberations, and it is proper and advisable, when necessary to withdraw one of the jurors, because of his disability or indisposition, to instruct the remaining jurors to avoid further discussion of the case during his absence, failure to so instruct was not as matter of law sufficient ground to require the granting of a new trial.

4. TRIAL ARGUMENT—CONDUCT OF ATTORNEY.

Upon the trial of a civil-damage action, brought by a wife against a number of retail liquor dealers for inducing

the intoxication of her husband, during which an acci-
dent occurred and an injury was received, argument of
plaintiff's counsel that the defendants who were in this
kind of business unfurled a black flag, saying:   "We
prefer the dollar to the life of the human being; we
prefer the dollar to the feelings of the wife and mother;
we prefer the dollar to the poverty and penury it causes;"
while intemperate, was sufficiently corrected by the
court's interposing and advising the jury that the state-
ment should not be considered; and a new trial was not
rendered necessary by reason of the misconduct of
counsel.

5. APPEAL AND ERROR—EXCEPTIONS—ARGUMENT.
  Unless a ruling upon an improper remark of plaintiff's
  counsel is requested by defendants' attorney, and an ex-
  ception taken to the ruling, the alleged misconduct will
  not be reviewed upon error.

6. SAME.
  Nor was prejudicial error committed by plaintiff's counsel
  in referring to the suffering which her husband endured
  as a result of his accident when it appeared from the
  record that the court again interposed and instructed the
  jury not to consider any suffering which he underwent.

Error to Montcalm; McDonald, J., presiding.  Sub-
mitted January 18, 1915.   (Docket No. 122.)   De-
cided March 18, 1915.

Case by Myrtle Spencer against Peter L. Johnson
and others for injuries to her property and rights by
unlawful sales of intoxicating liquors to her husband.
Judgment for plaintiff.  Defendants bring error.  Af-
firmed.

*Charles L. Rarden, N. O. Griswold,* and *A. F.
Bunting,* for appellants.

*R. A. Hawley,* for appellee.

KUHN, J.   The facts in this case were sufficiently
stated in the opinion of this court when the case was
here before, reported in 176 Michigan, page 278 (142

N. W. 582). On a retrial, the jury rendered a verdict in favor of the plaintiff in the sum of $3,000. Judgment being duly rendered thereupon, the case is again brought here by writ of error.

On this trial the plaintiff introduced testimony showing that on the night of the accident, March 9, 1910, she went to the bedside of her husband at the hospital in Greenville, Mich., and remained with him there approximately five weeks, during which time she assisted in caring for and nursing him. Her testimony further showed that since leaving the hospital she had been compelled to care for him occasionally up to the time of the trial. She testified that her services while at the hospital were worth $2 a day. With reference to this service, the court, in charging as to the measure of damages, said to the jury:

"There has also been evidence of services performed by the plaintiff in nursing her husband after his injury. If she is entitled to recover in this case, and you find that she has performed such services, you should allow her what the evidence shows such services to be reasonably worth."

The statute under which this action is brought provides that:

"Every wife, child, parent, guardian, husband, or other person, who shall be injured in person or property, or means of support or otherwise, by any intoxicated person, or by reason of the intoxication of any person, or by reason of the selling, giving or furnishing any spirituous, intoxicating, fermented, or malt liquors, to any person, shall have a right of action in his or her own name," etc. Section 5398, 2 Comp. Laws; 2 How. Stat. (2d Ed.) § 5074.

Counsel for appellee contends that the charge of the court was justified by the opinion of this court in *Spencer* v. *Johnson, supra,* in which case Mr. Justice BROOKE, speaking for the court, said:

"Evidence was admitted of the value of plaintiff's

services in assisting to nurse Spencer while he was in the hospital. This testimony was admissible under the authority of *Thomas* v. *Dansby*, 74 Mich. 398 (41 N. W. 1088)."

And later:

"The value of plaintiff's services in nursing her husband was a proper element to be considered by the jury."

Counsel for appellants, in their briefs, have in a well-prepared argument sought to demonstrate that it was not the intent of this court by this opinion to hold that the wife can recover the full value of her services in nursing her husband as a substantive part of her damages, and that the value of the wife's services in nursing should be treated in the same way as the earnings of the husband and the doctor's bill, and that the court meant that the evidence with reference to the nursing was admissible only as bearing upon the length of time the plaintiff might be deprived of her customary support.

We cannot, however, agree with this contention of counsel, as it was the opinion of the court when the case was here before—and the language of the opinion, we believe, so holds—that by virtue of the statute above quoted, the wife is entitled, in an action of this kind, to recover for the value of her services in nursing such an amount as the jury would find they were reasonably worth. It is clear that she was compelled to do labor which she would not otherwise have been compelled to do, and in our opinion the legislature, in using the word "otherwise" in the statute, intended to provide compensation for this very kind of service. In the case of *Thomas* v. *Dansby*, *supra*, this court said:

"The additional care in nursing the plaintiff was compelled to bestow upon her husband by reason of the injury is one of the elements of damages which she is entitled to recover."

In the case of *Radley* v. *Seider*, 99 Mich. 431, 433 (58 N. W. 366), it was held that the expression "or otherwise" in the statute was broad enough to permit the wife to recover for injury to her feelings. *Friend* v. *Dunks*, 37 Mich. 25; *McNetton* v. *Herb*, 158 Mich. 525, 529 (123 N. W. 17).

In support of a motion for a new trial, it was shown by affidavits that the case was submitted to the jury under charge of the court in the afternoon of January 29, 1914, and that after the jury had retired to the jury room in charge of an officer, at about the hour of 10 o'clock in the evening of that day, one of the jurors became seriously ill, and by order of the court was removed by the officer in charge of the jury to a room called the circuit judge's room, where there was a couch. He remained there for several hours, separate from the other jurors, and was visited by a physician, who attended him in the presence of the judge. After midnight the juror was again returned to the jury room, where the other jurors were, and remained there about two hours. He was then again taken by the officer to the judge's room, where he remained apart from the other members of the jury until about an hour before the jury was taken to breakfast, on the morning of the 30th of January, and while the other jurors were at breakfast he was locked up in the jury room. It is urged that by reason of this separation the trial judge should have granted a new trial, because the defendants in this case had the right to have every member of the jury participate in the deliberation and the discussion of the facts and circumstances of the case, and that as the juror in question was separate and apart from the other jurors several hours during the night, they did not have the benefit of his participation in the discussion and argument which took place during that time; also that they are entitled to have 12 jurors deliberate upon the case who are in a physical con-

dition to perform every duty as a juror. The facts with reference to the separation of the jurors were shown to the court by affidavits of the juror who was ill, other members of the jury, the officer in charge, the physician, and one of the counsel for defendants.

It is the universal rule that the verdict of the jury cannot be impeached by the affidavits of jurors showing misconduct in the jury room. *In re Merriman's Appeal*, 108 Mich. 454, 463 (66 N. W. 372), holds that as to the question whether any influence is exerted by one of the jurors unduly upon his fellows, or whether his conduct indicates bias, public policy forbids the proof of such claim by the affidavits of fellow jurors, and that the same rule extends with equal force to facts known only to the jurors, which occur during the trial, whether they occur in or out of the jury room. *Wixom* v. *Bixby*, 127 Mich. 479 (86 N. W. 1001); *City of Battle Creek* v. *Haak*, 139 Mich. 514, 527 (102 N. W. 1005); *People* v. *Swift*, 172 Mich. 473, 491 (138 N. W. 662). It is not stated in the affidavits, nor claimed in the motion or otherwise, that any of the jurors were subjected to improper influence. It must be admitted, however, that the situation here presented is not without some difficulty.

The general rule with reference to the separation of jurors after the submission of a case is thus stated in 17 Am. & Eng. Enc. of Law (2d Ed.), pp. 1227, 1228:

"It has been held that after the submission of the cause to the jury, the jurors should not be permitted to separate without the consent of the parties. In some cases; however, it is considered proper to allow a separation during the deliberation; and if the counsel do not object to the order of court to that effect, consent to the order will be implied. Though it is cause for a new trial if the separation is such as to furnish a ready opportunity for communication with other persons, a new trial will not be granted if it appears that there is no probability of prejudice.

That the statute requires the jurors to be kept together by the officer until agreement or discharge has been held not to necessitate a new trial in case of their separation, unless there is a showing of prejudice."

The same authority, page 1251, says:

"The court may, in its discretion, allow proper medicine and medical attendance to be furnished to the juror. That the sick juror is separated from the others does not affect the validity of the proceedings if he is not tampered with; and that a physician was with the juror was held to be immaterial, where the other jurors were in an adjoining room with the door open. It is proper for the court to put a juror in charge of a sworn officer to enable him to consult a physician, and the court may provide for the comfort of the sick juror by allowing him to lie down during the remainder of the proceedings."

In 2 Thompson on Trials (1st Ed.), p. 1906, it is said:

"From the foregoing, it follows that the mere fact of the separation of the jury pending a civil trial, or the trial of a misdemeanor, in some jurisdictions without reference to the nature of the case, especially where the separation consists of the temporary absence of a single juror, unless there are other circumstances of misconduct or abuse, will be no ground for a new trial. But in other jurisdictions, the opposing rule, applied for the most part in capital cases, obtains, that such a separation creates a presumption against the integrity of the verdict, and will be ground for a new trial, unless it affirmatively appear that the jurors were not thereby subjected to any improper influence. The State fails to do this, when it does not account for all the period of his separation from his fellows, if it was at a time and place where he might have been improperly approached."

An examination of the authorities generally indicates that in order to warrant the granting of a new trial under such circumstances, it must be shown that the separation was prejudicial, or that the facts of the separation were such that a presumption would

arise that there was prejudice, in that the juror might have been improperly approached. *City of New Albany* v. *McCulloch,* 127 Ind. 500 (26 N. E. 1074); *Edward Thompson Co.* v. *Gunderson,* 10 S. D. 42 (71 N. W. 764); *Nichols* v. *Nichols,* 136 Mass. 256; *People* v. *Buchanan,* 145 N. Y. 1 (39 N. E. 846); *Waller* v. *People,* 209 Ill. 284 (70 N. E. 681); *People* v. *Bonney,* 19 Cal. 426; *Stout* v. *State,* 76 Md. 317 (25 Atl. 299).

The facts here presented do not show that the juror was subjected to improper influence, and we are of the opinion that they do not raise any presumption that he was. During the entire time of separation he was in charge of a sworn officer of the court, and in fact during the first separation, when the physician was present, the trial judge was also present.

There is force, however, in the contention of counsel that the litigant is entitled to the participation of all the jurors in the deliberations of the jury; and as soon as it became apparent that it was necessary to separate one of the jurors from the others because of physical indisposition, it unquestionably would have been a proper course to instruct the jury that during the time of such separation further discussion of the case should be dispensed with. However, we are not satisfied that the failure to give this instruction would warrant us in saying as a matter of law that a new trial must necessarily be granted. The trial judge, upon a motion for a new trial, found:

"The mere fact that because of sickness one of the jurors was temporarily separated from the jury during their deliberations did not operate to the defendants' prejudice."

With this we are inclined to agree, and therefore refuse to reverse the case on this ground.

Error is assigned because of improper argument of counsel for plaintiff. In his closing argument to the jury, he said:

"These men that go into that kind of business unfurl the black flag; they go into that kind of business saying that, 'We prefer the dollar to the life of the human being; we prefer the dollar to the feelings of the wife and mother; we prefer the dollar to the poverty and penury it causes.' "

It does not appear that this language was used with reference to persons engaged in the liquor business generally, or to those who are conducting that business in compliance with the law. Under plaintiff's theory and the proofs of this case, these defendants were violators of the law, and it must be said that the language used referred to these men when violating the law. Admitting that the language was somewhat intemperate, when the attention of the court was called to it he said:

"I think, Mr. Hawley, that statement should not be taken. I will instruct the jury not to consider it."

If it can be said that this argument is improper we are of the opinion that the instruction of the court then and there given corrected it.

The following also appears in the record:

"*Mr. Bunting:* I desire an exception to the statement of Mr. Hawley that this woman has a sober man for a son, and she is entitled to a sober example to the son she gave birth to."

The record does not disclose in what connection this argument was used, nor does it appear that when it was made the court was asked for a ruling upon the language and a request made to give instructions with reference thereto to the jury. Unless a ruling is requested of or made by the trial court, an assignment of error based upon an exception to improper argument will not be reviewed. See *Pierson* v. *Railroad Co.,* 149 Mich. 167, 172 (112 N. W. 923) ; *Formiller* v. *Railway,* 164 Mich. 653, 661 (130 N. W. 347) ; *Meade* v. *Railway,* 165 Mich. 489, 493 (130 N. W.

1114); *People* v. *Sartori,* 168 Mich. 308, 317 (134 N. W. 200); *Crane* v. *Ross,* 168 Mich. 623, 632 (135 N. W. 83); *People* v. *Danenberg,* 176 Mich. 337 (142 N. W. 347); *Marx & Son* v. *King,* 177 Mich. 662, 667 (144 N. W. 553); *Eberts* v. *Sugar Co.,* 182 Mich. 449 (148 N. W. 810).

A reference of counsel to the suffering of plaintiff's husband was immediately and properly corrected by the court's saying:

"I have no doubt but counsel meant all right, but I don't want any misunderstanding in regard to this matter, and the exception is well taken, and counsel will try and avoid any reference to suffering, because the jury cannot consider that, and I will tell you more about it when I get to considering my final instructions."

We have examined the other assignments of error, and are satisfied that no prejudicial error was committed by the court with reference thereto.

The judgment is affirmed.

BROOKE, C. J., and MCALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.