MESROB ATIKIAN, Plaintiff, *v.* CHANG WEN TI, Defendant.

Supreme Court, New York County, December 15, 1934.

*Lesser & Lesser* [*Harry Lesser* of counsel], for the plaintiff.

*Chadbourne, Hunt, Jarceel & Brown* [*Clinton DeWitt Van Siclen, Gerald L. O'Neill* and *Robert W. MacMillan* of counsel], for the defendant.

HARRIS, J. This motion is made by the plaintiff to set aside the verdict of the jury in favor of the plaintiff for $180, and for a new trial, upon the grounds set forth in section 549 of the Civil Practice Act, and upon affidavits which are a part of the motion papers. The cause of action was a suit for commissions allegedly due the plaintiff from the defendant.

The grounds for the motion are three: (1) That the verdict is contrary to the evidence (commonly known as a motion to set aside a verdict as being against the weight of evidence); (2) that the verdict was contrary to the instructions of the court; and (3) that error was committed in permitting a separation of the jurors during their deliberation on a verdict.

So far as its being urged that the verdict was against the weight of evidence and inconsistent with the instructions of the court (which instructions discussed differing versions given by witnesses), although each party to this action gave a different version of the conversations on which the plaintiff depended to establish the contract on which he sued, the jury was warranted in accepting a part of each version, especially in view of the testimony of the plaintiff's witness Hackes, which was to the effect that while the transactions involved were being discussed he conducted certain correspondence with the defendant with the knowledge of the plaintiff, and that the plaintiff, after having had read to him such correspondence in substance said that although he felt his original contention was correct he would acquiesce and did acquiesce in the version as given by the defendant in such correspondence. So the court would not be warranted in setting aside the verdict on the ground that it was against the weight of the evidence or inconsistent with the instruction of the court.

The argument of the plaintiff to the effect that the verdict should be set aside because the jurors were allowed to be separated while deliberating on their verdict is based upon facts submitted to the court prior to the rendition by the jury of a sealed verdict, and on which facts the plaintiff, prior to the opening of such sealed verdict, asked for the declaration of a mistrial, which motion was denied by the court. These facts cover happenings in and about the jury room during such deliberations. On this argument the moving party presents certain unverified written statements made by two jurors, and affidavits of persons other than jurors stating in substance what the jurors had told them as to what occurred in the jury room during the deliberations. It is well settled law in this State that statements or affidavits of jurors which tend to impeach their verdict may not be used on a motion to set aside such verdict. (*People* v. *Sprague,* 217 N. Y. 373; *Payne* v. *Burke,* 236 App. Div. 527.) In view of this the court cannot consider on this application such statements and affidavits which purport to contain a recital by jurors of what happened during their deliberations.

There are, however, presented to the court on this motion the affidavit of one Dr. Burns, who attended one of the jurors during their deliberations, and the affidavit of Harry Lesser, one of the

attorneys of record herein for the plaintiff, and the court has certain personal knowledge of what occurred with reference to the doctor's visit, which affidavits and knowledge this court has considered in disposing of the motion. These facts which are covered by the affidavits and the personal knowledge of the court are as follows: The trial of this litigation commenced on Monday, October 29, 1934, and continued through to and including Thursday, November 1, 1934. On November 1, 1934, the jury was instructed and retired at twelve-forty-five P. M. to deliberate on their verdict. At three-forty-five o'clock in the afternoon the jury returned for further instructions which were given; they again returned at three-forty-seven, and at five-thirty o'clock that afternoon, the jury not having returned, the court ordered a sealed verdict to be returned the following morning at ten o'clock. Some time about seven o'clock in the evening of that Thursday the court was advised by one of the officers in attendance on the jury that one of the jurors had become ill with an attack of bronchial asthma and feared that his illness would prevent his proceeding with his duties as a juror on this case. The court directed that the juror be treated by a physician, and under the instructions of the court the attendant (Mr. John Wade) secured the services for the juror of Dr. Francis A. Burns who came for that purpose from the Beekman Street Hospital. For the purpose of his ministrations Dr. Burns with the aid of the driver of his ambulance and that of the court attendant removed the ill juror to another room in the court house, there made an examination of him and administered an injection of adrenolin. During such medical service the juror was separated from the other jurors about fifteen minutes. There is no contention that the other eleven jurors proceeded with their deliberations during the absence of the man who was ill, nor that the ill juror in any way heard any discussion or made any discussion of the case during the giving of medical aid and his separation from the other eleven jurors. After the treatment by Dr. Burns, communication was made to the court of Dr. Burns' statement that the juror could proceed with his duties, and the court directed that he be returned to the jury room and the deliberations proceed. The jury finally agreed upon a verdict which was reduced to writing and sealed at about three-thirty o'clock on the morning of Friday, November 2, 1934. It is on these facts that the plaintiff, before the rendition of the verdict, moved for the declaration of a mistrial by the court, and it is because of the refusal of the court to order such mistrial that the plaintiff urges that the verdict should now be set aside and a new trial granted

The rule for granting a motion to set aside a verdict on the ground of the separation of jurors as established by the law of this and other jurisdictions is summarized by this court as follows: That the verdict of a jury in case of the separation of jurors should be set aside if such separation has resulted in prejudice to any party engaged in the litigation, or if the facts are such that a presumption of such prejudice arises from such facts. (See *Smith* v. *Thompson*, 1 Cow. 221, including the note appended in the report of the case covering the earlier history of the law in this respect; *Douglass* v. *Tousey*, 2 Wend. 352; *Nichols* v. *Nichols*, 136 Mass. 256; *Spencer* v. *Johnson*, 185 Mich. 85; 151 N. W. 684; *McNider* v. *Fisher*, 197 Iowa 523; 197 N. W. 647, and other authorities cited in these cases here mentioned.)

Applying this rule to the facts of the instant case this court can find no evidence of prejudice or abuse, or even suspicion of prejudice or abuse, to the detriment of the plaintiff or of the defendant herein.

In view of the foregoing, the motion of the plaintiff is denied.